Bartling v. Jamison et al.

JOHN BARTLING, Petitioner, *v.* WM. C. JAMISON and JOSEPH VASTINE, Respondents.

1. *Practice, Civil — New trial, right to grant — Probate Court, power of.—* Courts of general common-law jurisdiction in England and the United States seem to have universally exercised the power of setting aside the verdict of juries found in their own courts, and granting new trials; and the statutory provision (Gen. Stat. 1865, ch. 169, § 25) authorizing new trials in certain cases is rather a limitation upon, than a grant of power to, the Circuit Court. But courts of inferior and limited jurisdiction have never been in the habit of exercising this power, and it can not be assumed that such power exists in the probate courts in the absence of authority given by the statute or of long usage.

2. *Practice, Civil — Courts of record — Entries — Verdict — Power over.—* In general, all courts of record, whether of special and inferior or of general jurisdiction, can modify or set aside entries of their own action made during the term, but that does not involve the right to refuse to enter or set aside a lawful verdict.

*Application for writ of prohibition.*

*N. A. Mortell,* and *Harding,* for petitioner.

I. The Legislature intended to confer no more right or power upon the Probate Court to grant a new trial than upon a justice of the peace. (Gen. Stat. 1865, §§ 2, 8, p. 514; 1 Mo. 539; 8 Mo. 45; Gen. Stat. 1865, § 17, p. 713.) No rule of the probate judge is regarded. No error is charged. The circuit judge, on appeal to the Circuit Court, simply proceeds to try the case anew, and makes and completes a record for the District and Supreme Courts. The ecclesiastical and chancery courts had unquestioned right to grant a new trial, but they made and completed the record, and in the appellate court their proceedings were not tried *de novo;* the errors and rulings of the judge were considered in the appellate court as they appeared upon the record or bill of exceptions. (Chit. Blackst., book III, § 411, p. 318.)

II. The authorities on the incidental powers of courts of record are foreign to the judicial system of this State and to the relation existing between the Probate Court and Circuit Court. The inherent power of a court of common-law jurisdiction is not granted courts of limited jurisdiction.

10—VOL. XLIV.

*Lackland & Martin*, for respondents.

The power of granting new trials grew up in the English courts. It has been exercised by them from the earliest times, and does not depend upon statutes. (Graham & Waterman on New Trials, 2; Tidd's Pr. 904; 1 Burr. 394.) The granting of a new trial, like the granting of a continuance, rests in the discretion of the court. (Gray v. Bridge, 11 Pick. 189.) "To all courts acting on the principles of the common law the power is incident to grant new trials, unless prohibited by positive law." (Bartholomew v. Clark, 1 Conn. 472.) Admitting that our Probate Court inherits its method of proceeding from the chancery courts and ecclesiastical courts, there is nothing in this admission against the right to grant a new trial; the right to try an issue by a jury, it did not acquire from those courts. It is a common-law right, not conferred by statute, and it should carry with it the incidents of trial by jury. The chancery and ecclesiastical courts proceeded according to the method of the civil law. They had no such things as juries or jury trials. (3 Blackst. Com. 100.) "Their decisions may be the subject of a re-hearing or appeal by any party who considers himself aggrieved by it." (2 Dan. Ch. Pr. 1543, 1540; Hunter v. Marlboro, 2 Wood. & Minot, 168; Cargill v. Spence, 2 Hag. Ecc. Sup. 146; Donellan v. Donellan, 2 *id*. 144; Henley v. Morrison, 2 *id*. 147; Webb v. Webb, 1 *id*. 349; Shaunessey v. Allen, 1 Lee, 9.) Our Probate Court is a court of record. (Gen. Stat. 1865, § 5, p. 900.) It has terms. It is vested with the common-law right of trial by jury. (*Id*. § 10, p. 190.) Although the Surrogate's Court of New York is not a court of record (Dayton's Sur. 6), yet the right to open and set aside judgments and decrees is recognized as incident to the power to make them. (Sipperly v. Baucus, 24 N. Y. 46; Harrison v. McMahon, 1 Bradf. 283.) The power is incident to a jury trial in a court of record, where the jury are to decide the facts, and are not judges of the law.

BLISS, Judge, delivered the opinion of the court.

John Bartling presents to this court his petition setting forth that upon information of W. C. Jamison, as administrator of

estate of Edgar J. Noe, a citation was issued against him by Joseph P. Vastine, Judge of the Probate Court of St. Louis county, for the discovery of concealed property belonging to said estate. The charge was that he had concealed and embezzled a solitaire diamond ring, and the person so charged, the applicant for this writ, appeared and claimed that the ring was presented to him by deceased; and upon trial by jury the verdict was in his favor. The administrator applied for a new trial, which was granted by the Probate Court; and before the second trial the petitioner applies to this court for a writ of prohibition, claiming our protection from an exercise of an illegal power on the part of the court.

The proceeding in the Probate Court was instituted under sections 7–11, ch. 121, General Statutes, and the application raises the question whether the Probate Court has power to set aside verdicts of juries in the few cases where jury trials are provided in that court, and grant a new trial upon the merits. It is claimed on behalf of the respondents that this right is incident to all courts of record; that it exists independent of any statute, and that probate courts and county courts should be held to possess it unless it is expressly prohibited. On the other hand, the petition is founded upon the theory that the right of courts to review the verdict of juries is regulated, in Missouri, by statute; that this right may be exercised once in the Circuit Court, but is nowhere granted in the proceeding in question, and that the only new trial that can be obtained is upon appeal, under the provisions of chapter 127 of the General Statutes.

That courts of general common-law jurisdiction have the right to review and set aside the verdict of a jury found in its own court, and grant a new trial, has been maintained for some two hundred years, though its exercise was rare in the common-law courts, especially in King's Bench, until the clear and masterly exposition of its necessity by Lord Mansfield, in 1 Burr. 394. Courts of similar jurisdiction in the United States have universally, so far as I am advised, exercised the power, whether given by statute or not. Section 25, chapter 169, General Statutes, which provides that "the court may award a new trial of any issue

upon good cause shown, but not more than one new trial of the same issue shall be granted to one party," is rather a limitation upon, than grant of power to, the Circuit Court. The granted authority varies in no manner from the pre-existing power, for courts always based their action upon " good cause shown," real or supposed. Among the causes were misconduct of the jury or of any juryman, disregard of the law as given by the court, newly-discovered evidence, excessive damages, etc. No court would be tolerated in its arbitrary exercise, although it is a power resting in a sound legal discretion and the reasons are not always stated upon the record.

But I do not find that courts of inferior and limited jurisdiction have ever been in the habit of thus attempting to control the verdict of juries. I have consulted the cases submitted by counsel, and have examined the books to find, if possible, what has been the practice in England and the other States. But there is very little reported upon the subject, probably for the reason that courts of special jurisdiction have not often attempted to exercise the power in question. In an old New York case—The People v. the Sessions of Chenango, 2 Caines, 319—Justice Kent emphatically denies the power of that court to grant a new trial upon the merits, because it is an " inferior court, and such courts are not intrusted by law with the power of setting aside verdicts of juries upon the merits."

There are many reasons why the county and probate courts of the State should not be clothed with this power. However competent may be the judge of probate in St. Louis and some of the larger counties, as a general thing the probate and county courts are composed of men unlearned in the law and incompetent to pass upon the various considerations laid down in the books as grounds for a new trial. The law does not require any special qualification for the position, and it would be unreasonable to give one or three men power to revise and set aside the finding of men of equal legal learning with themselves, upon matters which they alone had authority to decide. We can not assume that such a power exists, unless it is given by statute or has been long exercised, and has been long sustained by the higher courts. Another

reason exists in the provision of the statute. The usual reasons for this power do not exist, inasmuch as a new trial is provided for in another way. The dissatisfied party need only appeal to the Circuit Court, and the whole merits of the case can be again passed upon. He is thus relieved from all the hardships of the supposed errors of the jury, without the expedient the courts of Westminster were compelled to sanction.

Respondents cite us to cases where courts of probate and ecclesiastical courts have opened up orders and permitted re-hearings of matters once passed upon. This is done under various rules and regulations in all courts, but it is a very different thing from setting aside verdicts. In general, all courts of record, whether of special and inferior or of general jurisdiction, can modify or set aside entries of their own action made during the term, but that does not involve the right to refuse to enter or set aside a lawful verdict.

Let the writ issue. The other judges concur.