## THE STATE v. ELMER BARNES, Appellant.

### Division Two, June 3, 1918.

1. **JURISDICTION: To Try a Convict.** A defendant who has been convicted of murder and his punishment fixed by the jury at imprisonment for a term of years, may, before he is sentenced for such crime, be tried for larceny and burglary and sentenced according to verdict. The sentence in the murder case having been deferred until after the verdict was returned in the burglary case, the court's jurisdiction in the latter case was not in any wise affected, and a sentence in each case in the order of conviction was authorized.

2. **EVIDENCE: Transcript of Testimony of Deceased Witness.** The notes of the testimony of a witness who has since died, taken by a stenographer at defendant's preliminary examination, at which both defendant and the witness were present, may be read by such stenographer to the jury at defendant's trial for the same felony. Defendant's constitutional right to be confronted by the witnesses against him is not invaded by admitting such notes in evidence.

3. ————: ————: **Authentication of Stenographer's Notes.** Nor does the fact that the notes of the testimony of the deceased witness were taken by one who was not an official stenographer, or that they were not certified to by the magistrate before whom defendant's preliminary examination was held, render them inadmissible.

4. **INSTRUCTION: Credibility of Witness: Falsus in Uno, Etc.** The giving of an instruction telling the jury that if they believe any witness has wilfully sworn falsely to any material fact they are at liberty to disregard any or all of such witness's testimony, is, in the absence of evident prejudice to the accused, to be left to the discretion of the trial judge; and if there is a basis for it in the evidence, the giving of it is not error.

Appeal from St. Louis Circuit Court.—*Hon. Leo S. Rassieur*, Judge.

AFFIRMED.

*Thomas J. Rowe, Jr.,* and *Henry Rowe* for appellant.

(1) There is no authority for convicting a prisoner of a felony at one term of the court and then

274 Mo.—40

remanding him to jail until the next succeeding term and again convicting him of another felony and then passing sentence upon him in both cases. Ex parte Meyers, 44 Mo. 282; State v. Connell, 49 Mo. 282; Ex parte Jackson, 96 Mo. 116; Ex parte Allen, 196 Mo. 231; State v. Buck, 120 Mo. 496; State v. Bell, 212 Mo. 130, (2) The testimony of the witness Perdue was incompetent and in violation of Section 22, Article 2, of the Constitution (Secs. 5032 and 5042, R. S. 1909; Sec. 6345, R. S. 1909). State v. McO'Blenis, 24 Mo. 402; Williams v. Sleepy Hollow Mining Company, 7 L. R. A. (N. S.) 1. c. 1177; Jackson v. Fulton, 87 Mo. App. 236; State v. Moore, 156 Mo. 210. (3) The jurors have no right to disregard the whole of a witness's testimony, although they may believe that he had sworn falsely to a material fact. Jurors have no right to disregard any testimony but false testimony. (4) Instruction Number 8, given by the court over defendant's objection, by which the jurors were told that they could disregard the whole or any part of a witness's testimony if they believed that he had sworn falsely to any material fact, is erroneous, because the court did not tell the jury what facts were material facts. Keeline v. Seeley, 257 Mo. 527.

*Frank W. McAllister,* Attorney-General and *George V. Berry,* Special Assistant Attorney-General, for respondent.

(1) The sentence may be postponed until a future day or future term. Sec. 4908, R. S. 1909; Kelley's Crim. Law and Prac., sec. 447; Ex parte Kayser, 47 Mo. 254; State v. Watson, 95 Mo. 415; Ex parte Bryan, 76 Mo. 254; Ex parte Durbin, 102 Mo. 103; Williamson's Case, 67 Mo. 174. (2) The testimony of Johnson taken at the preliminary examination was properly admitted. State v. Houser, 26 Mo. 437; State v. Harman, 27 Mo. 120; State v. McO'Blenis, 24 Mo. 402; State v. Moore, 156 Mo. 210; People v. Murphy, 45 Cal. 144; Owens v. State, 63 Miss. 45; 3 Russell on Crimes (Int. Ed.), 388; 1

Wharton's Crim. Ev. (10 Ed.), 227; 5 Ency. Ev., 312. (3) The jurors were the sole judges of the weight of the evidence and the credibility of the witnesses. State v. Henderson, 186 Mo. 492; State v. Hudspeth, 159 Mo. 200; State v. Hicks, 92 Mo. 434; State v. LaMont, 180 S. W. 863. (4) Instruction Number 8 correctly declared the law. State v. Miller, 93 Mo. 269; State v. Mounce, 106 Mo. 229; State v. Martin, 124 Mo. 521; State v. Harper, 149 Mo. 523; State v. LaMont, 180 S. W. 863.

WALKER, P. J.—Appellant was charged by information in the circuit court in the City of St. Louis, with burglary in the second degree and larceny. Upon a trial, he was convicted and his punishment assessed at four years in the Penitentiary. From this judgment he appeals.

One Aaron Johnson, returning to his home one day, found appellant hiding behind a kitchen door in his residence. The wife of Johnson was outside of the house, scrubbing the steps during her husband's temporary absence. Appellant ran out of the house and attempted to escape, but was overtaken by Johnson and others, and was turned over to a police officer. Returning from the chase of the appellant, the Johnsons found that the drawers of a dresser in their living room had been ransacked, and some jewelry taken therefrom.

Subsequently, Johnson was murdered. Appellant, who had been out on bail, was charged and tried for the killing of Johnson, and was convicted of murder in the second degree, but his sentence deferred on account of the pendency of the charge herein against him.

The errors assigned by appellant with which we are alone concerned, are as follows:

(1) That the State had no authority to convict and sentence appellant at one term, and defer his sentence until after his trial and conviction of another offense.

(2) That one not an official stenographer was not authorized to read at the trial the uncertified testimony of Johnson, taken by such stenographer at the preliminary examination, Johnson being at the time dead.

(3) That an instruction was erroneous which told the jury that if they believed any witness had willfully sworn falsely to any material fact, they were at liberty to disregard any or all of such witness's testimony. These in their order.

I. Appellant's first contention is based upon the assumption that the trial court exceeded its jurisdiction to try the appellant for any offense after his conviction for the murder until the term **Trial of Convict.** of his imprisonment, as fixed by the jury for that offense, had expired. The jurisdiction of a trial court, in a criminal case, is only finally terminated by the sentence of the defendant and the close of the term. The sentence of the appellant in the murder case having been deferred, the court's jurisdiction was not impaired in that case, nor was it in any wise affected in the burglary case and his subsequent trial for the latter offense, and his sentence for each of the offenses in the order of his convictions was authorized. The cases cited by appellant are not contrary to this conclusion, in that they recognize the presence of jurisdiction in the absence of a sentence. [State v. Bell, 212 Mo. 130, and cases cited.]

In confirmation of the correctness of this conclusion, we held in State v. Wear, 145 Mo. l. c. 164, that jurisdiction continues for all purposes until the case has been finally disposed of; and that such final disposition only occurs when a sentence has been rendered which constitutes a judgment, and the term has ended.

In State v. Schierhoff, 103 Mo. l. c. 50, we held that a court does not lose jurisdiction until final judgment. In this case, the judgment was rendered one year after the rendition of the verdict.

In State v. Watson, 95 Mo. l. c. 411, we held that the sentence of one convicted of an offense may be postponed until a future day or term, to suit the convenience of the court or for cause shown. We, therefore, overrule this contention.

II. Appellant's second contention challenges the correctness of the ruling of the trial court in admitting in evidence the notes of the testimony of the deceased witness, Johnson. It is urged th'at appellant's constitutional right to meet this witness face

Testimony of
Deceased
Witness.

to face was denied (Sec. 22, Art. 2, Con. Mo.), and that the notes of this testimony were not authentic in not having beeñ taken by an official stenographer, and in not having been certified to by the judge of the Court of Criminal Correction, before whom the preliminary examination wa's held. The constitutional question has been settled adversely to appellant's contention ever since the ruling of this court in the McO'Blenis case, 24 Mo. 402, in which it was held that the deposition of a' witness taken upon a preliminary examination 'befor'e a committing magistrate in the presence of' the a'ccused, may be received in evidence on the trial, upon proof of the death of such witness; and th'at the provision of the Constitution declaring that in all criminal ca'ses the accused has the right to meet the witnesses against him face to face, is not violated by the admission of such testimony. The ruling thus made has since been uniformly adhered to. [State v. Moore, 156 Mo. l. c. 210, and cases cited; State v. Butler, 247 Mo. 685.]

But the McO'Blenis case decides more than th'e constitutional question. It affirms the common law ruling (1 & 2 Phil. & M., c. 13 and 3 Phil. & M., c. 10), which has not been changed by statute, that testimony taken as in the instant case may be admitted in evidence, the sole prerequisites to its admission being, in the absence of any question as to its correctness, (1) a showing that the witness is then dead; (2) th'e presence at the time of the taking of the testimony

of the defendant; and (3) his right to cross-examine the witness.

The limitation now sought to be added to the admission of such testimony that the stenographer taking same must have an official character, and that the testimony when taken must be certified to by the judge before whom it was taken, finds no support in the reasons urged in the various cases in support of the admissibility of this character of testimony. In none of these cases, from that of McO'Blenis to State v. Butler, was any question raised as to the character of the stenographer, if one was employed to take the testimony. In fact, in a majority of these cases there is nothing from which it can be determined how or in what manner the testimony was taken. An official stenographer, so-called, is a creature of modern creation. His power is limited to the taking and the transcribing of testimony. His official character is nothing more than one of name. Any one possessing the requisite skill, is, while employed, clothed with equal authority. In nearly all of the cases in which this matter has been discussed, the preliminary examinations were held before committing magistrates, and in ruling upon the admission of the testimony the necessity of the certification of the magistrate has in no wise been considered. The fact that the testimony was taken down and transcribed is only a requisite to the admissibily of such testimony in so far as it insures the possibility of greater correctness than the oral statement of a witness who heard the then deceased person testify. In State v. Able, 65 Mo. 357, we held, in discussing the application of the McO'Blenis case, that the essence of the decision and the principle to be deduced therefrom was, that when the evidence of a witness was taken in a criminal case in an examining or trial court in the presence of the accused, and the witness dies between such examination and another subsequent trial, the evidence given by him may be, when proved to be correct, given on a subsequent trial of the same charge, whether it rests in the

knowledge of witnesses or is preserved in writing in some manner authorized by law. In other words, the testimony of such deceased witness may be proved in a criminal case in the same manner as it could be in a civil case, and the substance of such testimony is all that is required. "To hold otherwise," says Justice GIBSON in Cornell v: Green, 10 Serg. & Rawl. 14, "would render such testimony altogether useless in practice, for there is no man, be his powers of recollection what they may be, who could be qualified to give such evidence, and if he should undertake to swear positively to the very words, the jury ought to disbelieve him on that account alone." This reasoning is appropriate as showing the latitude exercised by the courts in the admission of this character of testimony. In the instant case, no question is raised as to the correctness of the testimony as transcribed, but simply as to the form in which it has been preserved. We do not find that there is any substantial merit in this contention, and we therefore decline to sustain it.

III. Appellant's third contention is as to the instruction defining the power of the jury as to the credibility of witnesses, or what is usually termed the *falsus in uno, falsus in omnibus* instruction. While there are cases in which the giving of instructions of this character is of doubtful

Instruction.

propriety, this in our opinion is not one of them. The general rule, however, in regard thereto being that the giving of such an instruction in the absence of evident prejudice to the accused, is to be left to the judgment and discretion of the trial court. [State v. Hickam, 95 Mo. l. c. 322.]

There being a basis in the evidence for the giving of the instruction in the instant case, its correctness is sustained by a long line of well considered cases. [State v. Hutchison, 186 S. W. (Mo. Sup.) l. c. 1001 and cases; State v. Swisher, 186 Mo. l. c. 7; State v. Beaucleigh, 92 Mo. l. c. 497; State v. Gee, 85 Mo. 647.]

'If this instruction, however, be analyzed according to the meaning of its words aside from the support it obtains from numerous precedents, it is nothing more than an affirmative declaration of the power possessed by the jury in determining the credibility of witnesses. This being true, it should not be condemned in the absence of evident prejudice to the appellant.

The civil case (Keeline v. Sealy, 257 Mo. l. c. 527), cited by appellant, will be found to be nothing more than the personal observations of the Commissioner who prepared the opinion in regard to instructions of the character here under review. These observations did not receive the approval of but two judges. Of the other judges, one did not sit, and Judge GRAVES expressed in a separate opinion a conclusion adverse to that of the Commissioner. We are content, therefore, there being no error prejudicial to the appellant evident, to leave the propriety of the instruction where it now rests, in the determination of the trial court. We, therefore, overrule this contention.

Finding no error warranting a reversal, the judgment is affirmed. All concur.