# CASES ARGUED AND DETERMINED

## BY THE

# SUPREME COURT

## OF THE

# STATE OF MISSOURI

## AT THE

## APRIL TERM, 1923.

---

## THE STATE ex rel. INTER-RIVER DRAINAGE DISTRICT v. ALMON ING, Circuit Judge.

### In Banc, May 22, 1923.

1. **APPEAL: Judicial Policy.** The judicial policy of this State in maintaining the right to an appeal in a civil case, although purely statutory, has always been liberal; but the exercise of the right should be so controlled that it be not used to embarass litigants by unnecessary costs and interminable delay in the pursuit of judicial relief.

2. **DEMURRER: Final Judgment.** Upon the sustaining of a general demurrer to plaintiff's petition, unmixed with any request for other relief than is implied in its name, the court should not in the order sustaining it render final judgment for defendant. The general demurrer having been sustained, plaintiff has a right, as a matter of course, to file an amended petition, and the court should allow him a reasonable time in which to exercise it, and should not against his protest deprive him of that right by rendering final judgment as a part of the order sustaining the demurrer. If the plaintiff does not announce his intention to stand upon his petition, or does not exercise his right to file an amended petition within a reasonable time, defendant has a right in due course to ask for a judgment of dismissal and costs.

3. **APPEAL: General Demurrer: Final Judgment: Motion for New Trial.** From an order sustaining a motion for a new trial in a case in

(1)

State ex rel. Inter-river Drain. District v. Ing.

which a final judgment has been rendered, the statute authorizes an appeal; but where a general demurrer to plaintiff's petition, unmixed with a request for other relief than its name implies, is sustained, and as a part of the order sustaining it final judgment for defendant is rendered, a motion for a new trial, coupled with a request that the judgment be set aside, is a proper pleading, but it is in no true sense a motion for a new trial, although it may take that form, and from an order sustaining it defendant is not entitled to an appeal.

4. ——: ——: ——: ——: Motion Sustained: Mandamus. To plaintiff's petition defendant filed a general demurrer, which included no request other than its name implies. The demurrer was sustained, and in the order sustaining it was incorporated a final judgment for defendant. Thereupon the plaintiff filed what purported to be a motion for a new trial, which recited, among other things, that the judgment was for the wrong party, that the court erred in holding that the petition did not state a cause of action, that the statute created a cause of action in favor of plaintiff against defendant, and a prayer that the judgment be set aside. This motion was sustained, and "the cause set down for trial," and from the order sustaining it the defendant filed an application for an appeal, which was denied, and thereupon brought suit by mandamus in this court to compel the trial judge to grant the appeal. Held, without considering whether or not the petition stated a cause of action, that, while the motion was an appropriate pleading, since it contained a prayer that the unauthorized final judgment be set aside, in no proper sense was it a motion for a new trial, since the proceedings up to the time the final judgment was rendered were wholly interlocutory, and the words of the statute (Sec. 1469, R. S. 1919) giving a litigant an appeal "from an order granting a new trial" do not, in view of other sections of the Code, especially the statute defining a trial, apply, and defendant was not entitled to an appeal, and the writ of mandamus is denied.

### Mandamus.

PEREMPTORY WRIT DENIED.

*Oliver & Oliver* for relator.

(1) Our statute provides that "any party to a suit aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by

the Constitution, may take his appeal to a court having appellate jurisdiction from any order granting a new trial.'' Sec. 1469, R. S. 1919. (2) The relator fully complied with the requirements of Secs. 1471 and 1472, R. S. 1919, in that it filed, during the term at which the order appealed from was rendered, the required affidavit, and deposited the required fee of ten dollars. (3) Our statute defines a trial as ''a trial is the judicial examination of the issues between the parties, whether they be issues of law or of fact.'' Sec. 1397, R. S. 1919. It has also been defined by this court. State ex rel. v. Railway Co., 149 Mo. 109. (4) A trial as defined by the statute was had in the circuit court. The defendant there, relator here, challenged the legal sufficiency of plaintiff's petition in that court by filing a general demurrer to the petition. This raised an issue of law. A judicial examination was made of the legal issue tendered and the trial court found, upon a hearing, that it should be and was decided in favor of the defendant. On the same day, the plaintiff below filed his motion to set aside said judgment and to grant the plaintiff a new trial in said cause. This motion was sustained, and a new trial in that court was awarded to the plaintiff. From that action of the court, in sustaining plaintiff's motion for a new trial, the defendant below, relator here, filed his application and affidavit for an appeal to this court. The respondent refused to grant the appeal. The appeal should have been granted. Secs. 1397, 1469, R. S. 1919; State ex rel. v. Mo. Pac. Ry. Co., 149 Mo. 109; Coatney v. Railroad, 151 Mo. 39. (5) ''The judicial policy of this State, with reference to the right of appeals, has always been a liberal one.'' State ex rel. v. Shelton, 238 Mo. 281, 297; Nolan v. Jones, 108 Mo. 436. ''Indeed, by the express terms of the statute an appeal is allowed in every case unless the appeal in that class of cases is prohibited by the Constitution.'' Doe Run Lead Co. v. Maynard Co., 283 Mo. 672. (6) Mandamus will lie to compel the granting of an appeal. 13 Ency. Plead. & Prac. (1 Ed.) 570; State ex

rel. v. Allen, 92 Mo. 20; State ex rel. v. Collier, 62 Mo. App. 38; State ex rel. v. Arnold, 197 Mo. App. 1.

*Sam M. Phillips* for respondent.

(1) There has never been a new trial granted, for the reason that there never has been a trial in the case. All that has ever occurred, is that the defendant filed a demurrer to plaintiff's petition which the court sustained. The plaintiff filed a motion to set aside the order sustaining the demurrer, which plaintiff's counsel improperly denominated a "motion for a new trial," but which was in effect merely a motion to set aside the order sustaining the demurrer to plaintiff's petition. There never was an issue of fact of any kind or character whatever, submitted either to a jury or to the court. The only thing that was submitted to the court for determination was the sufficiency of plaintiff's petition. Under such circumstances there was no trial. Crossland v. Admire, 118 Mo. 87; Badger Lumber Co. v. Boswell, 180 Mo. App. 180; Stanton v. Hanna, 185 Mo. App. 91; Breed v. Hobart, 187 Mo. 145; Faster v. Sayman, 181 S. W. 1190; Froman v. Patterson, 10 Mont. 11; Cossett v. Lbr. Co., 28 Wash. 618; Hart Lumber Co. v. Rucker, 17 Wash. 602; Mobile Light Co. v. Hansen, 135 Ala. 284; Shock v. Birmingham Ry. Co., 96 Ala. 316. (2) "A new trial" is a re-examination of an issue of fact, in the same court, after a trial and decision by a jury or court or by referee. Harper v. Hildreth, 99 Cal. 270; Leath v. Pierte, 93 Cal. 619; Zastellaw v. Blanchard, 106 Ga. 100; People v. George, 3 Idaho, 111; Beach v. Ranch Co., 21 Mont. 9; Froman v. Patterson, 10 Mont. 11; Cossett v. St. Paul Lbr. Co., 28 Wash. 624; Hart Lumber Co. v. Rucker, 17 Wash. 602; Mobile Light Co. v. Hansen, 135 Ala. 284; Shock v. Birmingham Ry. Co., 96 Ala. 316; McDermott v. Halleck, 65 Kan. 403; Barber Asphalt Paving Co. v. Topeka, 6 Kan. App. 133; Gibson v. Gibson, 24 Neb. 407; Blevins v. Norledge, 5 Okla. 143; United States v. Traving, 3 Wyo. 148. The fact that the order of court stated

it granted a new trial when it set aside the order sustaining the demurrer, is mere surplusage.  Crossland v. Admire, 118 Mo. 92.  (3)  Does plaintiff's petition state a cause of action against the Inter-River Drainage District?  Relator will contend that it does not, for the reason that a drainage district is not liable for negligence.  This is the point that relator seeks to have submitted to this court, and if it has an adequate remedy at law, or if there is an ample method pointed out by law, by which it can enforce its rights, then it is not entitled to the extraordinary writ of mandamus sued out herein. State v. McKee, 150 Mo. 233; State v. Cape Girardeau Co. Court, 109 Mo. 148; Sheridan v. Fleming, 2 S. W. 838; State v. Megown, 89 Mo. 156; State v. Lubke, 85 Mo. 338; State v. Clark Co. Court, 83 Mo. 359; State v. Macon Co. Court, 68 Mo. 29; Blecker v. St. Louis Law Com., 30 Mo. 111; Williams v. Judge Cooper Co. Court of Common Pleas, 27 Mo. 225; State v. Walker, 85 Mo. App. 247; State v. Hill, 272 Mo. 206; State v. McCune, 129 Mo. App. 511; State v. Homer, 150 Mo. App. 325.  (4) Besides all this, this question which relator is trying to raise in the appeal that it is seeking to enforce in this case, that is to say, that plaintiff's petition does not state facts sufficient to constitute a cause of action, can be raised at any time or any place, even in the Supreme Court for the first time, and is never waived.  McPeak v. Pac. Railroad Co., 128 Mo. 617.

BROWN, C.—This is an application for the writ of mandamus directing the judge of the Circuit Court for Butler County to allow an appeal to this court in a case lately pending in that court wherein J. W. Waters is plaintiff and this relator is defendant, instituted in that court and returnable to its January term, 1922.  As originally brought Callahan Construction Company was joined as a co-defendant, but it was dismissed as to it and proceeded against this relator alone.  Its purpose was to recover damages in the amount of $10,000 against relator for personal injuries received by him while in

its employment, and alleged to have been caused by its negligence in matters connected with such employment. On January 20, 1922, relator filed in said cause a general demurrer, which was, on January 23rd, taken up by the court and sustained, to which the plaintiff then duly excepted.

The court, following said exception, entered the following judgment:

"Now come the parties hereto, by their attorneys of record, and submit to the court the separate demurrer of the Inter-River Drainage District of Missouri, a corporation, to plaintiff's petition heretofore filed on the 20th day of January, 1922, and the court now having seen and examined said demurrer, and having heard the argument of counsel, and being now fully advised in the premises, all and singular, doth sustain the same.

"To which action of the court in sustaining the demurrer aforesaid, plaintiff objects and excepts.

"Wherefore, it is considered, ordered and adjudged by the court that the plaintiff take nothing by his action herein against the defendant, Inter-River Drainage District of Missouri; and that said defendant go hence discharged and have and recover of and from said plaintiff all costs of this suit herein laid out and expended, and that execution issue therefor."

Afterward and on the same day Waters, the plaintiff in that suit, filed his "motion for a new trial" alleging the following errors:

"First. The judgment of the court is for the wrong party.

"Second. The judgment of the court on defendant's demurrer should have been in favor of the plaintiff and against the defendant.

"Third. The court erred in sustaining defendant's demurrer to plaintiff's petition.

"Fourth. The court erred in holding that plaintiff's petition does not state a cause of action against the defendant Inter-River Drainage District of Missouri.

"Fifth. The court erred in holding that a drainage district is not liable for a tort.

"Sixth. The court erred in holding that the defendant drainage district is not liable for negligence."

At the following April term of that court, and on the 8th day of April, 1922, the following entry was made by the court in the same cause:

"Now at this time the motion of plaintiff for a new trial heretofore filed in the above-entitled cause is taken up and submitted to the court, and the court having seen and examined said motion, and being fully advised in the premises, all and singular, doth sustain the same."

On the 24th day of the same month relator filed his application and affidavit for an appeal to this court, which is not questioned in form or substance. It also deposited the docket fee of $10 required by statute. The court thereupon made the following order:

"The court having now seen and examined said application and affidavit for an appeal and being fully advised in the premises, all and singular, doth in all things overrule the same; and thereupon, it is ordered by the court that defendant's appeal be, and the same is, hereby denied, to which action of the court defendant objects and excepts, and said cause is by the court set down for trial Monday, May 8, 1922."

Notice was thereupon given by relator of his application for this writ.

The only question of law presented by the parties to said suit in the Butler Circuit Court as shown by the record seems to have been whether or not this relator in its capacity as a drainage district was responsible for damages to an employee received by reason of its negligence in the course of his employment.

I. While the right to appeal in civil cases is purely statutory the judicial policy of this State has always been liberal toward it. [Doe Run Lead Co. v. Maynard, 283 Mo. l. c. 672.] Its judicious application not only tends to insure to litigants the administration of exact and impartial justice in each particular case, but to promote and preserve uniformity and certainty in those

legal rules to which all are required to conform in their dealings with each other. On the other hand, this right should be so controlled in its exercise that it may not be used to embarrass litigants by unnecessary costs and expense and interminable delay in the pursuit of judicial relief. It is with these principles in mind that we should proceed to the examination of the only question before us, which is whether, under the provisions of our statutes, an appeal lies at this stage of the proceeding in which it is sought.

This is, as has been frequently said, an extraordinary legal remedy affecting the right of the trial court to place upon the record the facts of the controversy, so that they may come before us in a single appeal, and ought to be carefully administered with reference to the facts of each particular case. We will, therefore, examine the statute under which the relator claims the right to this remedy at this stage in the proceeding.

II. The statute relied on by relator expressly authorizes an appeal from any order granting a new trial. In this case the court had entered a final judgment for the defendant upon a demurrer to the petition, and had, on motion by the plaintiff made at the same term, set it aside and set the case down for trial. That it had the right, upon a proper showing, to do this is not denied. The relator only contends that its action in that respect is subject to review by this court before the respondent will be permitted to try the case upon its merits. The statement of this theory suggests that vexatious and unnecessary delay may result from its application, greatly embarrassing suitors in the prosecution of their just demands. These, however, are questions for legislative solution.

The statute relied upon by the relator (Sec. 1469, R. S. 1919) gives litigants an appeal in the following cases only: ''From any order granting a new trial, or in arrest of judgment, or order refusing to revoke, modify or change an interlocutory order appointing a receiver

or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final judgment in the case, or from any special order after final judgment in the cause;'' and further provides that ''a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case.'' It is evident that this statutory permission is confined to cases in which final judgment has been rendered, except where an interlocutory judgment may have been entered for the preservation of the property or the right involved, during the pendency of the litigation. This judgment was entered upon a general demurrer to the petition and not upon a trial of any issue of fact. The demurrer was first sustained, to which the plaintiff took his exception, and thereupon the court without any further proceeding and against the protest of the plaintiff, immediately entered final judgment, to which plaintiff also excepted. From these proceedings we may infer that the theory of the court was that the demurrer, which both parties say was founded upon the proposition that no action for negligence lies against a drainage corporation under any state of facts whatever, and that, therefore, no amendment founded upon any such liability could put life into the conceded facts. The corporate character in which the defendant was sued, according to this theory, gave it absolute immunity from liability which no amendment could effect, and that, therefore, final judgment logically followed the order sustaining the demurrer.

The demurrer was general, unmixed with any request for other relief than is implied by the name. It may be that final judgment could properly have been entered upon a prayer to that effect in the same pleading, but there was no such prayer. When the court had sustained the demurrer it had performed the duty which it imposed and might await the further pleasure of the

parties. The plaintiff might desire to put his views as to the alleged cause of action more perfectly before the court in the form of an amended petition, as is frequently done in anticipation of an appeal. This he had the right to do as a matter of course. [Sec. 1229, R. S. 1919.] The defendant might desire an immediate judgment of dismissal and for costs. He had the right to ask for this in due course. Instead of asking the plaintiff his pleasure as to the exercise of his statutory right to amend and without waiting to learn the pleasure of defendant, the court, of its own motion and against the protest of plaintiff, entered its final judgment of dismissal and for costs.

To this judgment this respondent promptly filed his motion to set it aside, which was sustained by the court. This motion is called by the relator a motion for a new trial and the action of the court thereunder is designated by it as an order granting a new trial to bring it within the terms of Section 1469, Revised Statutes 1919, from which we have already quoted. To support this nomenclature it refers us to Section 1397, Revised Statutes 1919, defining the word "trial" as "the judicial examination of the issues between the parties, whether they be issues of law or of fact." The inference is that any decision upon which the ultimate rights of the parties may rest involves a "trial," and that a motion to set it aside is a motion for a new trial within the meaning of the section allowing appeals. The relator also refers, in support of this inference, to the fact that the motion to set aside the judgment asks in terms for a new trial and that the court designates it as a motion for a new trial. That these expressions have no tendency to characterize the order of the court in setting aside its previous order has been determined in the following cases: Breed v. Hobart, 187 Mo. 140; Crossland v. Admire, 118 Mo. 87; Schwoerer v. Christophel, 64 Mo. App. 81. The Crossland Case contains an interesting discussion upon the meaning of the word "trial" as illustrated by num-

erous authorities, which is, however, of little importance in determining this question. It is sufficient to suggest that our general code. is divided into articles, each prescribing the practice under its own appropriate heading, and that after treating the subject of demurrers and the practice thereon with much particularity, it enters, in Article 13, upon the procedure in trials, and Section 1318 provides that issues of law shall be first tried unless the court shall otherwise direct, and Section 1424 provides that "the court may award a new trial of any issue." That these provisions are not intended to direct or permit that the decision upon each proposition or issue of law and, of fact which enters into the cause of action or defense pleaded may be separately appealed from, goes without saying. It evidently, when taken in connection with the code in its entirety, is, as we have said in Bartling v. Jamison, 44 Mo. 141, restrictive in its nature and intended to prevent endless vacillation over each particular point. It would be absurd to attribute to the Legislature the intention to enable the trial court to divide each cause of action into all its constituent elements of law and fact, and to make each the subject of a separate trial and appeal.

III. The cause was instituted by petition, to which a general demurrer was interposed. Applying the direction of the code that issues of law should be disposed of before the trial of the issues of fact, the demurrer was taken up and considered by the court and sustained and final judgment entered thereon. Instead of taking his appeal from this the plaintiff, while it was still in the breast of the court, moved to set the judgment aside, which it had the unquestionable power to do under the circumstances, and set the case down for trial. That this motion was the proper pleading or application to the court for that purpose is evident. Whatever may have been its words in other respects, it contained a prayer that the judgment be set aside, which was sufficient for that purpose. The motion as we have seen

was in no sense a motion for a new trial, for there had been no trial within the meaning of that provision of the code making a judgment sustaining such a motion appealable. It was, in effect, whatever may have been its words, or the words of the motion upon which it was entered, only a judgment sustaining a demurrer under the provisions of the code relating to that subject and not a judgment to which a motion for a new trial was applicable. [Crossland v. Admire, supra; Breed v. Hobart, supra.]

Under these circumstances the peremptory writ of mandamus must be and is denied. *Small* and *Ragland,* *CC.,* concur.

PER CURIAM:—The foregoing opinion of Brown, C., is adopted as the opinion of Court in Banc. All of the judges concur, except *Woodson, C. J.,* and *Graves, J.*