THE STATE v. CLARENCE TURPIN, Appellant.—61 S. W. (2d) 945.

Court en Banc, June 10, 1933.

1014

*Stratton Shartel,* Attorney-General, *Silas E. Garner,* Special Assistant Attorney-General, for respondent.

ELLISON, J.—The appellant, Clarence Turpin, and another defendant, Cora Courtney, were jointly charged by information in the Circuit Court of Monroe County with transporting hootch, moonshine, corn whiskey, a felony under Section 4500, Revised Statutes 1929. The case was tried to a jury at the August Term, 1931, of court and the record for that term states the jury failed to agree upon a verdict. At the November Term the court made a new record showing the jury did return a verdict at the August Term acquitting the defendant Cora Courtney and convicting the appellant; and judgment and sentence were entered accordingly. The questions for decision on this appeal all arise on the foregoing record entries and the form of the verdict. There is no bill of exceptions.

Stating the facts in greater detail, the record for the August Term after showing submission of the cause to a jury on September 10, recites:

"Thereafter and on the same day, come the jury into open court and report that they are unable to agree upon a verdict. The court upon the information that the jury cannot agree does declare a mistrial of said cause, and the jury is finally discharged from the case. And said cause is duly continued to the next regular term of this court for want of time to try said cause at this term. Defendant is duly excused under the terms of the bond heretofore given."

At the next (November) term, the cause coming on for hearing on November 30, the State announced ready for trial, whereupon, according to the record, the following occurred:

"Now come the defendants in person and by attorneys, James J. Browning and Mr. Matthews and raise the question of full adjudication of said cause. Whereupon is presented to the court the verdict of the jury as rendered in said cause at the August Term of this court, as follows: 'We, the jury, find defendant guilty as charged in the Information and we assess his punishment at —————. And we further find defendant Cora Courtney not guilty.

" 'Oscar Davis, Foreman.'

"Thereupon the court doth adopt the view of defendant's attorney, and thereupon doth finally discharge the defendant Cora Courtney, and the defendant Clarence Turpin having been found guilty and the jury failing to fix his punishment, the court thereupon doth assess his punishment at a fine of five hundred dollars, for the use of the School Fund of Monroe County, Missouri, and defendant is remanded to the custody of the Sheriff until said fine is paid or released by due process of law."

The record next recites that within four days the appellant Clarence Turpin filed a motion for new trial. The motion is set out in the transcript and contains twenty-one assignments. Nearly all of these are directed to alleged errors in the admission or exclusion of evidence, the giving or refusal of instructions and the conduct of the court and State's counsel during the trial. We need not notice these assignments further because, as stated, no bill of exceptions was ever filed.

The last four assignments in the motion point out that the court record for the August Term states the jury reported they were unable to agree upon a verdict, that a mistrial was declared, the jury discharged and the cause continued. It is contended that in the face of this record the court could not, after the expiration of the term, take a contrary position and make a record at the November Term reciting the jury had rendered a verdict. On this theory appellant asserts the judgment and sentence entered in November are void be-

cause not based on any *valid* record showing he had been found guilty by a jury. In addition to this, appellant insists in his motion that even if it be conceded the jury did render a verdict, the judgment and sentence cannot stand, for two reasons: (1) because not entered at the same term at which the verdict was returned; (2) and because the verdict on its face is insufficient to support a conviction in that it fails to name the defendant found guilty, and fails to assess any punishment though there is no recital in the verdict that the jury were unable to agree upon the punishment.

In this court the appellant filed a motion suggesting diminution of record and praying that a writ of certiorari be issued bringing up the original verdict or a photographic copy thereof. The motion was sustained and the verdict is before us. It is all in handwriting on ruled foolscap paper but with the name "Cora Courtney" and the signature of the foreman "Oscar Davis" apparently written by the same hand, and both these very noticeably differing from the rest of the writing. In form it is as follows:

"We the jury, find defendant

guilty as charged in the information and we assess the punish at

And we further find defendant CORA COURTNEY not guilty.

"OSCAR DAVIS, Foreman."

On the back of the paper is indorsed the style of the case, with the word "verdict" in parentheses. Also the filing stamp of the clerk appears, as follows: "Filed, Sep. 10, 1931, Marcus J. Heathman, Cr. Clerk Monroe Co. Mo."

■■ I. For the purpose of appellate review a bill of exceptions is the only repository for a motion for new trial. Since no bill of exceptions was filed we cannot consider the circuit court's action in overruling the motion, nor are we at liberty to notice the assignments of error set out therein. The fact that appellant has incorporated the motion in his transcript of the record proper filed here will not resuscitate it, State v. Hembree (Mo.), 37 S. W. (2d) 448. Neither can we apply the provision of our Rule 13 that if matter which should be set forth in "the bill of exceptions" appear in the abstract of the record proper, it "shall be considered and treated as if set forth in its proper place." In State v. Kaiser, 318 Mo. 523, 300 S. W. 716, it is said this rule does not cover or refer to the review of criminal cases, and certainly such ought to be the law when no bill of exceptions was ever filed and the cause is submitted wholly on the record proper. We shall, however, treat the last four assignments

in the motion as in the nature of suggestions since appellant has filed no brief and they are directed to matters of record proper. It is for this reason that we set them out in our statement of facts.

 The record entry for the August Term recites that the jury failed to agree upon a verdict. The record for the November Term shows a verdict was returned at the August Term, and judgment and sentence are pronounced thereon. The November Term record does not expressly declare the verdict was *filed*, yet by implication it says that, for it recites "the verdict of the jury as rendered" is presented to the court, and the verdict, itself, brought here at appellant's request, does make that fact manifest for the filing stamp shows it was filed on September 10, 1931, the day on which the August record states the jury reported they were unable to agree.

Can the record made at the November Term in whole or in part be treated as an entry in the nature of a *nunc pro tunc* amendment of the record for the August Term? To warrant amendments of this character two facts must exist. First, the proceeding shown by the amendment must actually have occurred. Such amendments must speak the truth and cannot be resorted to to show proceedings which *ought* to have been had, but which in fact were not had. Second, there must be some record basis for the amendment—some entry either in the minutes kept by the judge or clerk, or some paper filed in the cause. Corrections of the record of a prior term cannot be made to depend on the mere memory of witnesses. [State v. Jeffors, 64 Mo. 376, 378.] In the instant case there is enough to show the jury did render a verdict at the August Term, and that that verdict was filed. To that extent a *nunc pro tunc* entry was authorized. The record made in November is not in form an amendment *nunc pro tunc*. And yet it recites the jury returned a verdict at the August Term and sets it out. In substance this was sufficient, and we think and hold the subsequent proceedings in the case should not be invalidated for want of formality in the entry, especially since it was made at the invitation of appellant's counsel.

█ The rest of the record made in November, discharging the defendant Cora Courtney, finding the appellant had been convicted without assessment of punishment, and fixing his punishment, was not and does not purport to be a *nunc pro tunc* entry. It was a new, independent proceeding. Attention having been called to the verdict by the defendants' plea of "full adjudication," the court simply "adopted the view" of defendants' counsel and pronounced judgment and sentence thereon. We know of no reason why this could not be done. True enough it is the general rule that a court is powerless to modify, amend or revise judgment and sentence after the lapse of the term at which the same were pronounced [16 C. J. sec. 3099, p. 1315.] But this is on the theory that with respect to

such final orders the court's jurisdiction is exhausted with the expiration of the term. In the instant case, however, by the entry made at the August Term the court expressly continued the cause, thereby retaining jurisdiction of it. As is said in Aetna Insurance Co. v. Hyde, 327 Mo. 115, 118, 34 S. W. (2d) 85, 87:

" 'So far as the correction or amendment of the judgment or decree itself is concerned, at least in matters of substance, the power ceases with the end of the term, unless otherwise provided by .statute.' . . . Of course, this general rule is subject to the well-recognized qualification that, if a court has retained and continued its jurisdiction in a particular cause by a reservation or other act, through a motion or other proceeding during the term, its power and control over its final judgment or decree survive(s) the end of the term at which it was rendered or granted."

The above citations are in point on the questions involved here, but as a matter of fact, they deal with situations more extreme than that presented in this case. The cited paragraph in 16 Corpus Juris, section 3099, page 1315, bears on the modification of *final* judgments and sentences in criminal cases after the expiration of the term. The Aetna Insurance case holds even final judgments and decrees may be corrected after the term of rendition, when jurisdiction has been retained. In the present instance the entry made by the Monroe County Circuit Court at its August Term was not final or dispositive of the case. It was simply an erroneous order importing a wrong legal effect to the jury's verdict, declaring a mistrial and continuing the cause. In these circumstances the applicable rule is that "when a court has acquired jurisdiction no subsequent error or irregularity will oust the jurisdiction thus acquired." [16 C. J. sec. 246, p. 181; State v. Wear, 145 Mo. 162, 205, 46 S. W. 1099, 1112; State v. Barnes, 274 Mo. 625, 628, 204 S. W. 267, 268.]

■ II. There is nothing in the point made in the motion for new trial that judgment and sentence must be pronounced at the term to which the verdict has been returned. It has repeatedly been decided otherwise. [State v. Watson, 95 Mo. 411, 414, 8 S. W. 383; State v. Schierhoff, 103 Mo. 47, 50, 15 S. W. 151, 152; State v. Barnes, supra, 274 Mo. l. c. 628, 204 S. W. l. c. 268; Ex parte Hartley, 330 Mo. 338, 49 S. W. (2d) 119.]

■■ III. Nor is there merit in the contention that the verdict was fatally defective in form. The second paragraph thereof found the defendant Cora Courtney not guilty, her name having been filled in by the foreman. The first paragraph said "We the jury find defendant —————— guilty," etc. The appellant's name was not filled in, but as there were only two defendants and the other defend-

ant was acquitted, this paragraph necessarily referred to the appellant—as much so as if he had been the only defendant in the case, and in that situation there would be no question about the sufficiency of the verdict, State v. Stuart, 316 Mo. 150, 156, 289 S. W. 822, 824. It does too much violence to reason to say the jury intended only to acquit the defendant Cora Courtney and left the first paragraph in the verdict by mistake. If that were true it would mean the jury left the case undetermined as to the appellant, which is contrary to the view taken by defendants' counsel, themselves, when they interposed their plea of "full adjudication." The verdict of a jury, even in a criminal case, is not to be tested by technical rules of construction. The controlling object is to ascertain the intent of the jury. If this is disclosed the verdict is good though irregular in form. [State v. Dimmick, 331 Mo. 240, 53 S. W. (2d) 262, 265.]

 Nor is the fact that the jury failed to assess the punishment in any wise fatal. Under the express provisions of Section 3704, Revised Statutes 1929, "Where the jury agree upon a verdict of guilty but fail to agree upon the punishment to be inflicted or do not declare such punishment by their verdict; the court shall assess and declare the punishment and render judgment accordingly."

 Another question arising on the record is this. Section 3700, Revised Statutes 1929, provides: "When the jury have agreed upon a verdict, they must be conducted into court by the officer having them in charge. If they all appear, their verdict must be rendered in open court. If any shall fail to appear, the rest must be discharged without giving a verdict. . . ." The footnote to this section says: "Record must show all jurors present when the verdict is received by the court," citing State v. Meyers, 68 Mo. 266. But a reading of the case will show it does not so hold. The facts there were that the record affirmatively showed "only eleven jurors were present," and the court said, "We are bound . . . to accept the transcript before us as complete and accurate." In the instant case we have a record showing a verdict signed by the foreman was returned by the jury, filed, and judgment and sentence pronounced thereon. The record is merely negative or silent on the fact as to how many jurors were present when the verdict was rendered. In this situation the presumption of right action on the part of the trial court should be applied, particularly in view of appellant's contention below that there had been a full adjudication of the cause. It was so held in State v. Lewis (Mo.), 278 S. W. 706, where an *unsigned* verdict was returned and the record was silent as to the appearance and polling of the jury.

██ ██ IV. The record does not show appellant was accorded allocution before judgment and sentence were pronounced. Under

Sections 3713, 3714, Revised Statutes 1929, this is mandatory in a felony case except where the defendant has before judgment and sentence been heard on a motion for new trial (or in arrest, but motions in arrest of judgment were abolished in 1925, Laws 1925, p. 194, Sec. 3736, R. S. 1929). And it is said the fact that allocution was granted or a motion for new trial timely heard must be affirmatively shown by the record proper. In this case rather the contrary appears. The motion for new trial was not filed until December 4, four days after judgment and sentence; and the record for the November Term discloses the verdict was recognized and received as such (by *nunc pro tunc* entry) and judgment and sentence were pronounced all in one proceeding, without opportunity for allocution or the filing of a motion for new trial before judgment. In these circumstances the judgment must be reversed and the cause remanded. [State v. Dunnegan, 258 Mo. 373, 376, 167 S. W. 497; State v. Caulder, 301 Mo. 276, 279, 256 S. W. 1063, 1064; State v. Taylor, 301 Mo. 432, 437, 256 S. W. 1059, 1060; State v. Madden, 324 Mo. 877, 880, 24 S. W. (2d) 1003, 1004; State v. Barrett (Mo.), 44 S. W. (2d) 76, 78.]

This raises a question as to the directions which should accompany the remand. Section 3735, Revised Statutes 1929, requires a motion for a new trial in a criminal case to be filed "before judgment and within four days after the return of the verdict," but nevertheless during the term unless a further specified time be allowed by the court. It has been uniformly ruled the statute is mandatory; that a motion for new trial filed after judgment is nugatory; and that in the absence of such motion timely filed, nothing is left for appellate review but the record proper. On this theory it was formerly held that where allocution was not accorded and judgment and sentence were pronounced before the filing and hearing of a motion for new trial, without objection and exception from the defendant, the cause should be remanded merely for allowance of allocution and repronouncement of judgment and sentence, without disturbance of the verdict and prior proceedings. [State v. Nagel, 136 Mo. 45, 50, 37 S. W. 821, 823; State v. Kile, 231 Mo. 59, 64, 132 S. W. 230, 232; State v. Dunnegan, supra, 258 Mo. l. c. 377-8, 167 S. W. l. c. 498.]

But in State v. Taylor, supra, 301 Mo. l. c. 436 et seq., 256 S. W. l. c. 1060, and subsequent cases it has been held the failure to accord allocution and the pronouncement of judgment and sentence before the filing and hearing of a motion for new trial (unless the time allowed by law for the filing thereof has elapsed) operates prejudicially to deprive the defendant of his substantial right to have such a motion filed and heard. In the Taylor case, as in this, a motion for new trial had been filed after judgment and sentence, but within the statutory time. It was ordered (in effect) that the cause

be reversed and remanded with directions to set aside the judgment prematurely entered, to accord the appellant a hearing on his motion for new trial, and to grant allocution before pronouncement of judgment and sentence, if the motion for new trial were overruled.

That course should be followed in this case unless the motion for new trial was not filed in time. The verdict was actually returned by the jury on September 10, during the August Term. But the court did not receive it as such until the next term on November 30, by *nunc pro tunc* entry. The motion was filed within four days after that. Was it in time? Or should it have been filed within the statutory time after the actual return of the verdict and at the August Term? We think not. A motion for new trial is to be filed after a *trial*. [46 C. J. sec. 10, p. 62.] The very fact that the statute, Section 3735, supra, requires the motion to be filed after the return of a verdict, implies that the review called for thereby must include a re-examination of findings and rulings on the issues. Section 947, Revised Statutes 1929, in the Civil Code, says: "A trial is the judicial examination of the issues between the parties, whether they be issues of law or of fact." The Code of Criminal Procedure, Section 3733, Revised Statutes 1929, provides: "A new trial is a re-examination of the issue in the same court." Sections 1001 and 1002 in the Civil Code, and Sections 3734 and 3736 in the Criminal Code enumerate the grounds or causes for which new trials may be granted. Obviously, the law does not contemplate the filing of such a motion following each interlocutory order through the progress of the case. [State ex rel. Inter-River Drainage Dist. v. Ing, 299 Mo. 1, 11, 251 S. W. 921, 923.] In this cause the court at the August Term treated the proceedings of that term as a *mistrial* and continued the cause. This furnished no basis for a final judgment and the defendants could not have appealed from the order made. We think the Taylor case is authority here.

The judgment is reversed and the cause remanded for further proceedings not inconsistent herewith. All concur.

PER CURIAM:—The foregoing opinion by ELLISON, J., is adopted as the opinion of the Court en Banc. All of the judges concur, except *Hays, J.*, not sitting.