STATE of Missouri, Respondent,

v.

Lee TAYLOR, Defendant.

No. 47129.

Supreme Court of Missouri,
Division No. 1.

June 8, 1959.

Ronald J. Fuller, Rolla, for appellant.

John M. Dalton, Atty. Gen., William C. Blair, Sp. Asst. Atty. Gen., for respondent.

DALTON, Judge.

By an information filed in the Circuit Court of Phelps County the defendant was charged with burglary, second degree, and larceny under the Habitual Criminal Act. See Sections 560.045, 560.095, 560.110 and 556.280 RSMo 1949 (Sections 560.045 and 560.110 were repealed and re-enacted. Laws 1957, pages 374, 375 and 376), V.A.M.S. The offenses were charged to have been committed on August 1, 1957. The cause went on change of venue to the Circuit Court of Maries County, where the cause was tried to a jury and a verdict returned.

As hereinafter indicated, the jury found the defendant guilty of both offenses, but made no finding as to his prior conviction of a felony, as charged. The jury fixed defendant's punishment for larceny at two years in the penitentiary, but did not assess the punishment for the burglary. A motion for a new trial was filed and overruled and defendant was duly sentenced for the larceny in accordance with the verdict of the jury. The judgment made no reference to the jury's finding as to the burglary charge. Defendant has appealed and filed a transcript, but has not favored us with a brief. In his motion for a new trial the defendant has made numerous assignments of error but, in view of the respondent's contention that the appeal is premature, we shall examine that contention first. State v. Huff, Mo.Sup., 173 S.W.2d 895.

The verdict returned by the jury on April 30, 1958, was as follows:

"We, the jury, in the above-entitled cause, find the defendant, Lee Taylor, guilty of

burglary, as he stands charged, and we fix his punishment therefor at . . . years in the State Penitentiary.

"We further find the defendant guilty of larceny in connection with burglary and we fix his punishment at 2 years in the State Penitentiary.

> "with parole recommended
> "/s/ George J. Redel
> "Foreman."

The record indicates that the trial court disregarded the first paragraph of the verdict of the jury, but the basis upon which he did so does not appear. The record entry made by the clerk recites: "Jury after deliberating, returned into open Court the following verdict, to-wit: 'We, the Jury, find the defendant, Lee Taylor, guilty of larceny in connection with burglary and we fix his punishment at two years in the State Penitentiary. George J. Redel, Foreman.' Verdict received and filed by the Court and Jury discharged in this cause."

The judgment entered shows that the defendant was "informed by the Court that he has heretofore been found guilty of the Crime of Larceny in connection with burglary under an information against him, and being now asked by the Court if he had any legal cause to show why judgment should not be pronounced against him according to law, and still failing to show such cause, it is therefore sentenced, ordered and adjudged by the Court that the said defendant, Lee Taylor, having been found guilty by a jury as aforesaid, be committed to the Department of Corrections, Division of Assignment for a period of two years, and that the Sheriff of this County shall, without delay, remove and safely convey the said defendant to the said Department of Corrections, Division of Assignment, there to be kept, confined and treated in the manner directed by law. * * *"

In his motion for a new trial defendant complained of the court's action in accepting the verdict as follows:

"The Court erred in accepting the verdict of the jury, for the following reasons:

"(A) Said verdict is vague and *ambiguous* in that it does not indicate the verdict of the jury in regard to the charge of burglary.

"(B) Said verdict did not decide each issue in the case.

"(C) Said verdict was contrary to law, in that the jury did not convict the defendant of burglary and at the same time did convict the defendant of larceny in connection with said burglary."

If the appeal is in fact premature we may not determine the issue as to whether or not the court erred in accepting the verdict. We have set out the assignment so that the objections to the verdict may be considered when ruling the issue as to whether the appeal is premature. We think it is clear from the face of the verdict that the jury found defendant guilty of both of the offenses with which he was charged, but that it failed to assess any punishment for the burglary. Not only does the first paragraph of the verdict contain a finding that defendant was guilty of burglary, "as he stands charged", but the second paragraph of the verdict found the defendant guilty of larceny "in connection with burglary".

The verdict is not subject to any of the defects complained of in defendant's motion for a new trial. State v. Huff, supra, 173 S.W.2d 895, 896(3); State v. Turpin, 332 Mo. 1012, 61 S.W.2d 945, 948(14–15); State v. Moulder, Mo.Sup., 57 S.W.2d 1064; State v. Ferguson, Mo.Sup., 208 S.W.2d 255, 256(3). The court should have assessed the punishment for burglary and should have rendered judgment thereon. 42 V.A. M.S. Supreme Court Rule 27.03 provides: "Where the jury agree upon a verdict of guilty but fail to agree upon the punishment to be inflicted or do not declare such punishment by their verdict; the court shall assess and declare the punishment and render judgment accordingly. * * *" The matter was formerly governed by Section

546.440 RSMo 1949, V.A.M.S. And see State v. Moulder, supra; State v. Huff, supra.

The facts in the present case are much like those in the case of State v. Huff, supra, 173 S.W.2d 895, where the jury fixed the punishment for the burglary, but not for the larceny. The court said: "It will be seen that the verdict finds the defendant guilty of both offenses with which he stood charged, and purports to separately assess the punishment for each offense. It actually did so as to the burglary charge, but in fixing the punishment on the larceny charge at confinement in the penitentiary, the verdict omits to state the duration thereof, and left blank the space provided for that purpose. But this did not render the verdict fatally defective, and entitle defendant to a new trial on the merits."

The court then referred to Section 4093 RSMo 1939, the substance of which is now covered by Supreme Court Rule 27.03, and said: "Under this statute the court was authorized, and it was its duty, to assess and declare the punishment on the larceny charge, and render judgment thereon. But this was not done, the result being that the judgment rendered was not dispositive of the whole case, and the appeal is, therefore, premature. The judgment is reversed, and the cause remanded with directions to the circuit court to cause defendant to be brought before it, and proceed to assess the punishment on the larceny charge, and enter a new judgment sentencing defendant on both charges." (173 S.W.2d 895, 896).

It, therefore, follows that the judgment rendered against defendant-appellant in this case was not dispositive of the whole case, and the appeal is, therefore, premature.

The judgment is reversed, and the cause remanded with directions to the circuit court to cause defendant to be brought before it, and proceed to assess the punishment on the burglary charge, and enter a new judgment sentencing defendant on both charges.

All concur.