JACOB FACKLER vs. WM. H. FACKLER, ADM'R OF HENRY FACKLER.

1. The term "beyond sea" in the first section of the statute of limitation of 1825, means without the United States.    Shrew vs. Whittlesey, adm'r of Whittlesey, 7 Mo. Rep. 473, and Bedford vs. Bradford,8 Mo. Rep. 233, overruled, and Marvin, Adm'r of Bates vs. Bates 13 Mo. Rep. 217, re-affirmed.

## APPEAL from Franklin Circuit Court.

WELLS & BUCKNER, for appellant.

1. It is submitted that this action had been an action of ejectment instead of an action of debt, and the limitation of twenty years had been pleaded; that a replication (of residence in Virginia, until within twenty years of the commencement of the suit, would be defection, and no judgment could be rightfully rendered for the plaintiff on issue being found for him.

Fackler vs. Fackler, adm'r of Fackler.

The act of limitations of 1825, contain the same disabilities bothas to actions of debt and ejectment; the first section being devoted to limitation of the common actions of assumpsit, debt, &c.; and the second and third sections, to limitations of theright of entry on lands. The phrase "beyond sea" is used in the first and third sections asone of the disabilities. In the first section, the removal of the disabilities are spoken of in general terms, while in the third section the legislature have defined the manner in which the disabilities are to be removed, particularly and specifically in the cases described in the last section, there can be no question, but that the legislature intended that the survey of the rights of entry should extend only to persons out of the United States. This is shown by the use of the expression, "coming into the United States," as the counterpart to that of "beyond seas," or, "without the limits and jurisdiction of the United States of America," and seems to be conceded by the majority of the court in the case of Shreve vs. Whittlesey.

II. If this view of the meaning of the third section be correct, there seems to be no good reason why this term should not be construed in like manner, when used in the first section. With the opposite construction, as put upon it by the court below, we have the legislature occupying a most singular and extraordinary position—that of using the same term in the same connexion, and in reference to the same subject matter, in one statute, and having two distinct and opposite meanings. 2 R. S. 1825, p. 510, secs. 1, 2, 3.

III. The construction put upon this term, "beyond seas" by the court below, is against the policy of every government. It is the duty of every government to protect its own citizens, and if a discrimination is to be made, as between citizens of this State and other States, that discrimination should be in favor of our own citizens. But the reverse is true according to the construction of the court below. That such was the view of the legislature, is shown by the fact that neither in the limitation act of 1835, or 1845, is non-residence declared to be a disability, which will prevent the statute from running.

IV. It has been held in Pennsylvania that the term "beyond seas" means out of the United States, and that, too, under a statute in which there was no explanation of the legislative meaning of the term in the body of the statute. Ward vs. Hallam, 2 Dall. R. Thurston vs. Fisher, 9 Leight & Rawles R. 288.

A similar construction has been made in Tennessee. See Pike vs. Green, 1 Yerger Rep. 465. So in N. Carolina.

The policy of the legislature is not to make non-residence or absence from the State or Union a disability which will prevent the running of the statute, and the courts should enforce, as far as possible, that policy as demonstrated by the subsequent legislation of the State.

The decisions of the English or American courts ought not to control the plain and palpable meaning of our statute, and the construction which the legislature has put upon these words. Reed vs. Austin, 9 Mo. R., as to the duty of this court in construing statutes. 2 R. S. 1825, p. 510, (Title Limitations;) Ward vs. Hallam, 2 Dall. R.; Thornton vs. Fisher, 7 Leight & Rawles, 288; 11 Wheat, 361; 2 Murphy's (N. C.) R. 25.


POLK, for respondents.


I. The circuit court committed no error in overruling the appellant's motion in arrest. The Statute of Limitations governing the case is to be found in the Code of 1825. See Code of 1845, p. 721, sec. 16; Code 1835, p. 396, sec. 11; and by the Code of 1825, p. 510, sec. 1; if at the time the cause of action accrued, the obligee of the bond was beyond seas, the statute interposes no bar to his recovery. And by the decision of this court, in the case of Shreve vs. Whittlesey, Adm., 7 Mo. R. 473, the term "beyond sea" in that statute means "out of the State." Also, in the case of King vs. Lane, 7 Mo. R. 241; Bradford vs. Bradford, 8 Mo. Re 233.

II. The court below committed no error in refusing leaveto the defendant below to file the

Fackler vs. Fackler, adm'r of Fackler.

plea of pure administration. At best it was but a case in which that the court was called upon to exercise its discretion in a matter of practice. In such case, the exercise of its discretion, in granting or withholding leave, cannot be assigned for error in this court. Long vs. Overton et al., 7 Mo,567; Caldwell adm'r vs. McKee, 8 Mo. 334; Wall vs. Scott, 7 Mo. R. 509.

The statute on the subject, in the Code of 1845, p. 810, sec. 9, requires a plea, in bar to the merits, to be filed within the first six days of the term allowing the courts, by the provision of section 14 of same page, to extend the time upon good cause shown, for the furtherance of justice. It appears from the bill of exceptions, that no cause was shown, and as there was no cause made upon which the court could grant the leave, it could not have erred in refusing it.

But it appears from the record that the term for the defendant to file his plea was the March term of 1846, while this plea was not offered in the March term, 1848, two years afterwards.

It also appears that the defendant had already put in eight pleas in bar, at the March term, 1846, which had been replied to, and issues made up, and this plea offered was the 9th one.

Moreover, the court at the —— term, 18—, of the court, had already given the defendant leave to file other pleas, 30 days before the next term, which he had failed to do.


RYLAND, J., delivered the opinion of the court.

The only question in this case arises on the statute of limitations, pleaded by the defendant in the court below, and the second replication to said plea.

This point involves the construction of the words "beyond seas," in the statute of limitations, passed in February, 1825. This very point was decided by this court in the case of Marvin adm'r of Bates vs. Bates, at Jefferson City, in July, 1850. See 13 Missouri Rep., p. 217. In this last case, the cases of Shreve vs. Whittlesey adm'r of Whittlesey, 7 Mo. Rep. 473, and Bedford vs. Bedford, 8 Mo. Reports, 223, were overruled.

We are satisfied with the view this court took of the statute of 1825, in the case of Marvin vs. Bates; and therefore we are of the opinion that the judgment of the court below ought to have been arrested.

The replication is no sufficient answer to the defendant's fifth plea. The term or the words " beyond seas" in that statute, to our minds, clearly mean "without the United States."

The judgment of the circuit court must be reversed and the cause remanded for further proceedings in accordance with this opinion, and of the opinion of this court in the case of Marvin adm'r vs. Bates, 13 Mo. Rep. 217.
33