AUGUSTA WINE COMPANY, Respondent, *v.* JOHN WEIPPERT, Appellant.

14 483<br>87 117

### December 18, 1883.

1. PARTNERSHIP — NEGOTIABLE PAPER. — A note executed by one partner, in the firm name, for property likely to be used in the co-partnership business, will bind the firm, in the absence of the payee's knowledge at the time that it was made for the benefit of the member of the firm who executed it.

2. PRACTICE — EVIDENCE. — Evidence, taken at a former trial of the cause, of a witness who has since absconded, and whose address, by diligent search can not be found, may be admitted at a subsequent trial.

3. —— Objections to evidence which are not specifically made at the trial will not be considered on appeal.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Affirmed.*

F. GOTTSCHALK, for the appellant: Evidence of the testimony of a witness before the justice is inadmissible on trial anew in the circuit court. — Phil. Ev., 215; 2 Starkie Ev. 894; *Wilber* v. *Selden*, 6 Cow. 162; *Bergen* v. *The People*, 17 Ill. 426. This firm was not a trading firm; the paper involved here, is not a negotiable instrument, and is still in the hands of the original payee. And therefore the limitations of the common law of the power of a partner apply to and govern this case. — Story on Part. (7th ed.), sects. 111 and 112; Parsons on Part. 175; *Cadwallader* v. *Kroesen*, 22 Md. 204.

H. G. SACHLEBEN and E. J. O'BRIEN for the respondent: A promissory note given by one partner in the name of the firm is binding *prima facie* upon all the partners; if the note be given for the individual debt of the partner executing the same, or for an indebtedness created in relation to a matter known to be foreign to the business of the partnership, the partnership is not bound. But, it devolves

upon the partners, in order to escape liability, to show these facts. — *Hickman* v. *Kunkle*, 27 Mo. 401; Dan. on Neg. Inst., sect. 357; *Bank* v. *Snyder*, 10 Mo. App. 215. Where testimony is given under oath in a judicial proceeding in which the adverse litigant was a party, and where he had the power to cross-examine, and was legally entitled so to do. The same is admissible when the witness, though not dead, is out of the jurisdiction, or can not be found after diligent search, etc. Parol evidence of what he testified *viva voce* may be given. 1 Greenl. Ev. 163; *Franklin* v. *Gumersell*, 11 Mo. App. 314; *Cady* v. *Kyle*, 47 Mo. 346.

BAKEWELL, J., delivered the opinion of the court.

This was an action begun before a justice of the peace upon the following promissory note: —

" ST. LOUIS, Mo., Dec. 31st, 1881. — Due, after four months from this date, to Augusta Wine Co., Augusta, Missouri, the sum of two hundred thirty-five dollars for value received.            JOHN WEIPPERT & MUELLER."

On trial anew in the circuit court, a jury was waived, and the cause being tried by the court, there was a finding and judgment for plaintiff. No declarations of law were given by the court, nor were any such declarations asked.

The undisputed testimony is, that defendant Weippert and one George C. Mueller, were engaged together in business in St. Louis as co-partners, under the firm name of John Weippert & Mueller; and that the note was signed by Mueller, in the firm name, for wine purchased by him of plaintiffs, in the name of the firm; and was accepted by plaintiffs, in good faith, under the belief that the wine was purchased by, and received by, the firm.

There was also testimony on behalf of plaintiff tending to show that Weippert and Mueller were co-partners in the wine business. The only conflict of evidence was as to this, there being also testimony tending to show that Weip-

pert and Mueller were co-partners only in the business of manufacturing cider and vinegar, and that the wine business was carried on by Mueller on his own behalf. It is undisputed, however, that the entire business was carried on at the same establishment, and there was testimony tending to show that vinegar is made from such wine as that for which the note in suit was given, and that such wine, worth sixty-five cents a gallon, when made into vinegar, sells at a dollar a gallon. Defendant Weippert testified that he himself had made vinegar from wine.

1. There can be no question that this evidence warranted a finding for the plaintiff. The note given in the name of a firm for a commodity which might be used in the business of the partnership, would bind the firm, unless it appeared that it was known to plaintiff at the time that it was really given for the indebtedness of an individual member of the firm, or for a matter wholly foreign to the ordinary and legitimate business of the co-partnership. There was evidence tending to show that the execution of the note sued on was within what all persons trading with the firm, in the absence of express notice to the contrary, would necessarily consider to be the ordinary scope of the co-partnership.

2. It is objected that Tieman, the secretary of plaintiff, was improperly allowed to testify that plaintiff sold and consigned wine to defendants in their firm name, and never otherwise, from time to time in 1882, and had purchased bottles and transacted discounts with the firm, and had no notice of a different state of affairs, until witness called to collect the note. This witness also testified as to conversation with defendant Weippert, in which he said that everything was all right, and as to letters signed by the firm name, received by plaintiff, complaining of the qualities of certain wines received by the firm from plaintiff. The objection to all this evidence was made at the trial by a motion to strike it all out as hearsay. The court properly refused

to strike out the entire testimony of the witness, and there is nothing from which either the trial court or this court can see what particular statements of the witness were regarded as incompetent. Most of the testimony of this witness was clearly not hearsay; whether it was objectionable on other grounds, we need not now consider.

3. One who was present at the trial before the justice, was permitted to testify as to what was the evidence given at that trial by George C. Mueller, who was one of the original defendants. It appeared that all diligence had been used to procure the testimony of Mueller; that he has absconded and left the State, and is supposed to be in Colorado; but his residence could not be ascertained after diligent inquiry, and it was not possible to take his deposition. Where a witness is beyond the jurisdiction, and after every effort has been exhausted, it is found impossible to take his deposition, it is within the sound discretion of the trial judge to admit testimony as to his evidence at a future trial of the same case. *Franklin* v. *Gumersell*, 11 Mo. App. 306; *Shearer* v. *Harber*, 36 Ind. 536, 541; *Clinton* v. *Estes*, 20 Ark. 216, 235; 1 Greenl. Ev., sect. 163. In the present case, if the statements as to the former testimony of Mueller are excluded, plaintiff's case is so clearly made out *aliunde*, that we should not reverse the judgment, even if we regarded this testimony as incompetent.

The judgment is affirmed. All the judges concur.