SCOVILLE V. THE HANNIBAL & ST. JOSEPH RAILROAD
COMPANY, *Appellant.*

Practice : TESTIMONY ON FORMER TRIAL OF WITNESS SINCE BECOME
SICK AND UNABLE TO TESTIFY, WHEN ADMISSIBLE ON SECOND TRIAL.
When the testimony of a witness on a former trial, who has since
become paralyzed and unable to testify, is preserved in a bill of
exceptions, and offered in evidence on a second trial, it must be
shown by other evidence that it was substantially the same as the
witness testified to, to be admissible, though it need not be shown
to be all that he said, or to be in the very language that he used.

*Appeal from Livingston Circuit Court.*—HON. J. M.
DAVIS, Judge.

REVERSED AND REMANDED.

*Strong & Mosman* for appellant.

The court erred in permitting to be read, against
objection, the alleged statements of Dr. Loomis at a
former trial, from the bill of exceptions. *Jaccard v.
Anderson,* 37 Mo. 94 ; *Morris v. Hammerle,* 40 Mo.
490 ; *Donnell v. Byern,* 80 Mo. 335 ; 1 Greenl. Evid.,
sec. 503.

*J. W. Boyd* for respondent.

The testimony of Loomis in former bill of excep-
tions was properly admitted in evidence on the last trial.
*Franklin v. Gumersell,* 11 Mo. App. 314, and cases
cited. Its admission, at least, is not an error for which
the judgment should be reversed. It was not material.
*Tuzzle v. Railroad,* 62 Mo. 428 ; *Blackwell v. Bailey,*
1 Mo. App. 328 ; 3 Mo. App. 577 ; R., S. sec. 3775 ; *State
ex rel. v. O'Gorman,* 79 Mo. 370. Besides the objection
to Loomis' testimony was not made on the ground that it

was not what he testified to on the former trial.	37 Mo.
94 ; 80 Mo. 385.

NORTON, C. J.—This is an action brought by plain-
tiff to recover damages for the death of her minor son,
alleged to have been occasioned by the negligence of
defendant, and the case is before us on defendant's
appeal from a judgment rendered in favor of plaintiff,
and the action of the court in receiving evidence, and in
giving and refusing instructions, is assigned for error.
The case has once before been in this court, and is
reported in 81 Mo. 434, from which it appears that the
court, after holding that the facts in evidence warranted
the trial court in submitting the case to the jury,
reversed the judgment for error committed in giving
instructions. On a retrial, the error which led to the
reversal of the judgment was avoided, and as to the
point ruled upon in the opinion, gave instructions in
conformity with the views there expressed. The facts
disclosed on the second trial are substantially the same
as those commented on in the opinion alluded to, and
for that reason, a discussion of them here is unneces-
sary.

It is assigned for error among other things, that, on
the retrial, the court, over the objection of defendant,
allowed the following testimony of Dr. Loomis, as pre-
served in the bill of exceptions taken and filed on the
first trial, to be read as evidence, viz : "I reside at
Easton, Mo. I knew Horace Scoville, deceased. Saw
him immediately after he was killed. There is a plat-
form on the east side of the depot. The street upon
which he was killed is immediately east of this plat-
form, and is sixty or seventy feet wide. He was killed
about forty feet east of the platform. The platform is
ten or fifteen feet out in the street. The depot is on the
north side of the railroad track, and the switch is south
of the main track. The platform is on the south side of

the depot and extends east of it. The crossing for wagons is east of the platform, and the planks on it are about twelve feet wide. I saw Horace Scoville alive about a half hour before he was killed. The first blow he received was on the back part of the head. This was enough to kill him although he had no other injuries. The engine and coal car killed him. The coal car was in front of the engine.

CROSS-EXAMINED: "I am son-in-law to plaintiff. Deceased at the time of his death was about seventeen years old. His eyesight and hearing were both good. He was in possession of all his faculties, and was a bright boy."

This evidence was objected to as being incompetent and because no sufficient foundation had been laid to authorize its reception. No other foundation was laid for the introduction of this evidence, than the evidence of Loomis' wife, who testified that three years ago Loomis had a stroke of paralysis of the right side, that it was six weeks before he could speak a word, and had never recovered his speech, except so far as a little conversation was concerned ; that he could neither write nor form sentences ; that he could only write the names of people he was familiar with ; that he could talk enough sometimes to say sometimes as many as five words that have a meaning to them ; that he had a habit of saying yes for no, and very often they had to write it down for him before they could tell whether he meant yes or no; very often she would ask him a question, he would say "yes," when she knew he meant "no."

It is laid down by Mr. Greenleaf, that, on the trial of the same cause of action between the same parties, the testimony of a witness given on a former trial may be received, if the witness is dead, or out of the jurisdiction of the court, or cannot be found after diligent search, or is insane, or sick and unable to testify, or has

been summoned, but appears to have been kept away by the adverse party. 1 Greenl. Evid., sec. 1636. Before, however, such evidence can be received it must be shown that the evidence was what the deceased, insane, or sick witness had testified to on the former trial. This question was considered in the cases of *State v. Able*, 65 Mo. 357, and *Jaccard v. Anderson*, 37 Mo. 95, and it is there held that, when the testimony of a deceased witness in a former trial, preserved in a bill of exceptions, is offered on a second trial, it must be shown, by other evidence, that the testimony offered was substantially the same as the deceased witness testified to, though it need not be shown to be all that he said, or to be in the very language that he used. The testimony of Loomis, as preserved in the bill of exceptions, was received without a compliance with the last condition above stated, upon which its admissibility depended, there being no evidence whatever that the testimony thus preserved had been given by the witness either *in haec verba*, or in substance and effect. In receiving this evidence the court committed error.

It is, however, insisted by counsel that this error should not work a reversal of the judgment, inasmuch as there was other evidence corroborative of Loomis' testimony. While this is so, there was also, as we understand the record, the evidence of two witnesses as contradictory of it, in so far as it relates to the fact of the plaintiff's son being run over and killed at a public road or street crossing. Two witnesses testified that he was run over and killed east of the road crossing, one of them stating the distance to be fifty or sixty feet east of it. The evidence of Loomis shows that he was killed on the street crossing. In this state of the evidence we cannot say that the defendant was not damaged by the admission of the evidence.

Many other objections have been made by counsel,

which we omit to notice because of their extreme technicality.

For the error noted, the judgment will be reversed and cause remanded. All concur, except Judge Sherwood, absent.