CORPORATION: execution: citizenship.

---

JAMES BYRD, Respondent, v. JOHN D. HARTMAN, Appellant.

Kansas City Court of Appeals, March 22, 1897.

Evidence: STENOGRAPHER'S REPORT OF FORMER TESTIMONY: HARMLESS ERROR. The official stenographer's notes of the testimony of a party given at a former trial can not be read in evidence, especially when he is alive and present in court; but on laying a proper foundation, such former testimony can be proved by the stenographer or any other person who heard it. In this case, however, the admission of such notes was harmless. *Cases considered.*

*Appeal from the Buchanan Circuit Court.*—HON. H. M. RAMEY, Judge.

AFFIRMED.

*Wilson & Watkins* for appellant.

(1)  It was error to permit the stenographer to read from his notes of a former trial, evidence of defendant when he was present and testified at the trial of this case.  *Leeser v. Boekhoff*, 38 Mo. App. 445. The giving of plaintiff's instructions, numbers 1 and 2, was error.  *Davis v. Brown*, 67 Mo. 313; *Noyes, Norman & Co. v. Cummings*, 51 Mo. App. 194; *Bank v. Overall*, 16 Mo. App. 610; *Bowen v. R. R.*, 75 Mo. 426; *State v. Sivils*, 105 Mo. 530.

*Crow & Hendrick* for respondent.

(1)  It was not error to permit the stenographer to read from his notes at a former trial, for the reason that it is proper, after laying foundation therefor, to prove any statement made by witness for the purpose of contradiction, this being the only purpose for which the record was introduced.  (2)  The objection to plaintiff's instruction number 1 for the reason that it is a commentary on the evidence and singles out and gives undue prominence to same is without merit. *McCullough v. Baker*, 47 Mo. 401.

SMITH, P. J.—This is an action on a *quantum meruit* to recover for work and labor performed. There was a trial and judgment for plaintiff and the defendant appealed.

The evidence was quite contradictory, but that adduced in behalf of the plaintiff was ample to warrant the verdict of the jury.  The defendant objects that the action of the court in permitting the official stenographer of the court at the request of plaintiff to read from his report of the defendant's testimony, taken at a

EVIDENCE: stenographer's report of former testimony: harmless error.

former trial of the case, certain declarations and admissions therein contained, was erroneous. In support of this objection the defendant refers us to *Leeser v. Boekhoff*, 38 Mo. App. 445, but it will be seen by reference to *Padley v. Catterlin*, 64 Mo. App. 629, that in consequence of the change in the statute therein referred to, that the rule declared in *Leeser v. Boekhoff* has been in effect abrogated. Had the report of the stenographer been subsequently incorporated and preserved in a bill of exceptions it would under the ruling made in *Padley v. Catterlin* been admissible in evidence the same as if a deposition, but we know of no authority that would authorize the reading in evidence by the official stenographer of a court his notes of the testimony of a party taken at a former trial of a case; and especially so where the party is alive and present in court. If the plaintiff made declarations or admissions in his testimony at the former trial of the kind shown by the stenographer, these, on laying the proper foundation therefor, could be proved by the testimony of the stenographer or that of any other person who heard them.

But while we think this ruling of the court was erroneous we are not of the opinion that it is such an error as justifies the reversal of the judgment, for the reason that there was an abundance of other independent evidence adduced to establish the plaintiff's account. The defendant's admissions shown by the stenographic report were but cumulative evidence.

The instructions given for the plaintiff were clear and explicit expressions of the law as applicable to the evidence. That given for the defendant went further than it should have gone in favor of the defendant but of this he has no right to complain. The issue was whether the plaintiff, at the special instance and request of the defendant, performed the work and labor spec-

ified in his account, and not whether it was performed by someone else at the special instance and request of the plaintiff.

Perceiving no reversible error in the record the judgment will be affirmed. All concur.