RATLIFF BROTHERS, Respondents, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, May 4, 1908.**

1. **COMMON CARRIERS: Delivery: Stock Yards: Instruction.** An instruction that when the carrier placed the cars at the unloading platforms and delivered the billing, it completed the delivery provided "it used reasonable diligence in transporting the cars thereto" is approved, and *held,* the quoted words were properly interlined into the instruction and should not confuse the jury as to the issues.

2. **TRIAL PRACTICE: Evidence: Bill of Exceptions: Deposition: Statute.**    Under section 3149, Revised Statutes 1899, the evidence of the witness preserved in the bill of exceptions may be read in the same manner and with like effect as if such testimony had been preserved in the deposition in the cause, and no diligence is required to secure the return of such witness into the State.

Appeal from Grundy Circuit Court.—*Hon. George W. Wanamaker,* Judge.

AFFIRMED.

*J. G. Trimble* and *Hall & Hall* for appellant.

(1)   The trial court erred in disregarding the former opinion of this court in this case.   The facts developed in the trial of the case are the same as on the former trial and the decision of the court on the former appeal becomes the law of this case.   Thomas v. Pump Co., 28 Mo. App. 567; Haseltine v. Ausherman, 29 Mo. App. 458; Bevis v. Railroad, 30 Mo. App. 566;

Honibs v. Corbin, 34 Mo. App. 397; Lane v. Railroad, 35 Mo. App. 569; Little v. McAdaras, 38 Mo. App. 187; Leeser v. Boekhoff, 38 Mo. App. 450; Lead & Zinc Co. v. Insurance Co., 41 Mo. App. 414; Bank v. Lumber Co., 60 Mo. App. 261; Hance v. Railroad, 62 Mo. App. 63; Carpenter v. McDavitt & Cottingham, 66 Mo. App. 5; Fink v. Insurance Co., 66 Mo. App. 513; Thompson, Payne & Co. v. Irwin, Allen & Co., 76 Mo. App. 431; Railroad v. Com. Co., 89 Mo. App. 182; Lawson v. Spencer, 90 Mo. App. 514; State ex rel. v. Stuart, 102 Mo. App. 27; Ashby v. Gravel Road Co., 111 Mo. App. 86; Carey v. West, 165 Mo. 455.    (2)    According to the allegations in the petition and the contracts of shipment read in evidence, the appellant was only required to carry said cattle to the Union Stock Yards in Chicago and the undisputed evidence is that said stock was delivered to the stock yards company and unloaded by 7 o'clock a. m. of the 17th, and the court erred in admitting the evidence of the witnesses as to the delay and damages that occurred after said stock was delivered at said stock yards.    There was no allegations in the petition to support the same.    Greene v. Gallaher, 35 Mo. 226; Brooks v. Blackwell, 76 Mo. 309; State ex rel. v. Martin, 77 Mo. 670, 675; Kiskaddon, Admr., v. Jones, 63 Mo. 190; Hicks v. Railroad, 68 Mo. 329; Obert v. Dunn et al., 140 Mo. 485; Current v. Railroad, 80 Mo. 67; Buddy v. Railroad, 20 Mo. App. 206; Galm v. Railroad, 113 Mo. App. 591, 87 S. W. 1015; Chitty v. Railroad, 148 Mo. 75; McManamee v. Railroad, 135 Mo. 447; Feary v. Railroad, 162 Mo. 96; Lachner Bros. v. Express Co., 72 Mo. App. 17; Walkhier v. Railroad, 71 Mo. 514; Bartley v. Railroad, 148 Mo. 139; Hite v. Railroad, 130 Mo. 132.    (3)    The court erred in permitting the reading of the testimony of Louis Clayton as contained in the bill of exceptions, for the reasons: The testimony shows that he was a resident of the city of Trenton at the time of the trial and plaintiff has

used no diligence in trying to procure his attendance. R. S. 1899, secs. 3149, 2904.

*Maurice P. Murphy, Hugh C. Smith* and *E. M. Harber* for respondents.

Under the circumstances is it other than fair, right and just to ask in most seriousness that this judgment be affirmed with the penalty as provided in sec. 867, Revised Statutes 1899. It has been frequently held where the appeal is without merit, as it clearly is here, the judgment should be affirmed with ten per cent damages. Connell v. Express Co., 45 Mo. 422; Shackley v. Coal Co., 50 Mo. 410; Rose v. Cobb, 60 Mo. 464; De-Buele v. Labadie, 7 Mo. App. 578; Schwaner v. Boiler Co., 19 Mo. App. 534; Adler v. Lang, 28 Mo. App. 440; Taylor v. Scott, 26 Mo. App. 249; Thomas v. Insurance Co., 47 Mo. App. 169; Manufacturing Co. v. Huff, 62 Mo. App. 124; Lithographing Co. v. Fennimore Assn., 84 Mo. App. 228.

ELLISON, J.—This action was brought to recover damages for negligence in transportation of fat cattle from Grundy county, Missouri, to Chicago, Illinois, where they were to be sold on the market at that city. The judgment in the trial court was for the plaintiff.

This is the second appeal of the case by the defendant. It will be found reported on first appeal in 118 Mo. App. 644. It is conceded that the facts are the same as upon the former trial and we do not see any good reason for its being again brought before us. By reference to the case, as reported, it will be seen that the judgment was reversed for but one reason, and that was the refusal of an instruction offered by defendant relating to the delivery of the cattle when they arrived at Chicago. We held that delivery at the unloading platforms of the Union Stock Yards in Chicago was full performance as to delivery and that defendant

was not responsible for damages after that time. On retrial that instruction was given and again plaintiff prevailed. Not only was the instruction given, but others of like import. Among others was No. 8, reading as follows: "When the carrier placed the cars at the unloading platforms in a position to be unloaded and delivered the billing to the Stock Yards Company, *provided it used reasonable diligence in transporting them thereto,* it performed every act required of it as a carrier to complete the delivery and defendant is not liable for damages that resulted from a subsequent delay caused either by the failure of the Stock Yards Company to post on the bulletin board the arrival of the stock or of the consignee to receive it promptly."

Defendant offered the instruction without the words in italics and the court interlined them and gave it. It is too plain for misunderstanding that the court wanted to distinguish between damages to plaintiff arising after delivery at the stock yards and damages which arose on account of negligence of defendant during transportation before arrival. In connection with other instructions there is no reasonable ground to suppose the jury misunderstood the issues in this respect.

As before stated, the case, on second trial, was like that made on the first. And this was even to the reading of great part of the evidence preserved in the bill of exceptions taken at the first trial. The evidence at first trial given by witness Clayton was thus read (he being out of the State), and defendant objected to it "because plaintiff used no diligence in trying to procure his attendance." It is proper to read evidence as preserved in the bill of exceptions "in the same manner and with like effect as if such testimony had been preserved in a deposition in the cause." [Sec. 3149, R. S. 1899.] By reference to section 2904 of the statute, it will be seen that a deposition may be read: "First, if the witness resides or is gone out of the State." Dili-

gence to get him back into the State and in attendance at court is not made a condition to reading a deposition and therefore need not be shown to authorize the reading of evidence from a bill of exceptions.

We have gone over the several objections urged against the judgment. There are many of them and they are presented with all the vigor as if the case was new. We do not consider that any of them should be given sufficient weight to cause a disturbance of the result now twice obtained.

The judgment will be affirmed. All concur.