## OLLIE WELP, Respondent, v. BERNARD P. BOGY, Appellant.*

**St. Louis Court of Appeals. Opinion filed November 3, 1925.**

1. **EVIDENCE: Absent Witness: Testimony Given at Former Trial: When Admissible: Rule.** Evidence of absent witness given at a former trial is generally admissible in cases: First, where the witness is dead; second, where he is out of the jurisdiction of the court or as termed in certain cases "beyond seas;" third, is insane, sick, or unable to testify; fourth, where he has been kept away by the connivance, collusion, or consent of the other party; and, fifth, where he cannot be found after due diligence has been exercised to secure his attendance by compulsory process.

2. ———: ———: ———: **Witness Out of Court's Jurisdiction: Within United States: Effect.** The fact that absent witnesses were within the United States, though out of the jurisdiction of the court, did not render the transcript of their evidence given at a former trial of the same case inadmissible.

3. ———: ———: ———: **Transcript of Evidence: Not Preserved in Bill of Exceptions: Admissibility.** Sections 5401 and 5467, Revised Statutes 1919, do not provide an exclusive method of proving testimony of an absent witness given at a former trial or require proof by bill of exceptions so as to render the transcript of the official court stenographer of such witness' testimony inadmissible.

(414)

4. ——————: ——————: ——————: How Proved: Rules. Testimony of absent witnesses given at a former trial may be proved by the court stenographer's notes, by the judge's notes, by notes taken by any person who will swear to their accuracy, or by the testimony of any person who will swear from his memory that such testimony was given.

5. ——————: ——————: ——————: Testimony Taken in Shorthand by Official Court Reporter: Correctly Transcribed: Admissibility: Diligence. Due diligence must be exercised to find a witness before the transcript of his testimony given at a former trial can be admitted.

6. ——————: ——————: ——————: Admissibility: Diligence: Sufficiency of Proof: Confided Generally to Discretion of Trial Judge. The question of the sufficiency of the proof as to the showing of due diligence towards procuring the attendance of absent witnesses authorizing the admission of a transcript of testimony given at a former trial is confided generally to the discretion of the trial judge.

7. **APPELLATE PRACTICE**: Absent Witness: Evidence: Given at Former Trial: Erroneously Excluded Because Not Preserved in Bill of Exceptions: Not Sustained on Different Ground. Where the trial court excluded the transcript of the testimony of absent witnesses given at a former trial for the reason that such testimony had not been preserved in a bill of exceptions, and not for the reason that due diligence to obtain the attendance of such witnesses had not been shown, the exclusion of such testimony will not be sustained on the latter ground.

8. ——————: ——————: ——————: ——————: Cumulative: Erroneously Excluded: Reversible Error. In an action for damages for personal injuries alleged to have been sustained by plaintiff by being struck by defendant's automobile, where defendant not only denied negligence, but denied that he even hit plaintiff with his automobile, and only two witnesses beside defendant himself had testified for him as to the actual facts pertaining to the alleged accident, while plaintiff in her case had been corroborated by at least five witnesses upon the same question, the exclusion of the transcript of the testimony of two absent witnesses for defendant given at a former trial, though such testimony was in a sense cumulative, the exigencies of the particular case made such testimony necessary, and, being admissible, though not preserved in a bill of exceptions, *held* its exclusion was error materially affecting defendant's rights, necessitating a reversal of the judgment.

*Headnotes 1. Evidence, 22 C. J., Sections 517, 518, 519, 520, 522, 523; 2. Evidence, 22 C. J., Section 519; 3. Evidence, 22 C. J., Sections 530,

531; 4. Evidence, 22 C. J., Sections 527, 529, 530, 532; 5. Evidence, 22 C. J., Sections 519, 530 (Anno); 6. Evidence 22 C. J., Section 519; 7. Appeal and Error, 4 C. J., Section 2557; 8. Appeal and Error, 4 C. J., Section 2986.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Franklin Miller,* Judge.

REVERSED AND REMANDED.

*Henry S. Caulfield* for appellant.

(1)   (a)   The testimony of the witnesses Ware and Lancaster, given at the former trial, was admissible in evidence, they being out of the State and beyond the jurisdiction of the court at the time of the trial, without any claim that their absence was by the connivance or consent of defendant, and it appearing that defendant had taken timely steps to secure their attendance by compulsory process.   1 Greenleaf Ev., sec. 163; 2 Jones on. Ev., sec. 340; Wharton, Law of Ev., secs. 177, 178; Wigmore on Ev., secs. 1404-1401; State v. Butler, 247 Mo. 696; State v. Riddle, 179 Mo. 297; Franklin v. Gummersell, 11 Mo. App. 306; Augusta Wine Co. v. Weippert, 14 Mo. App. 483; Scott v. Am. Surety Co., 222 S. W. 1047; Scoville v. Hannibal & St. Joseph R. Co., 94 Mo. 84; Showen, Admr., v. Street Railway, 164 Mo. App. 51; 43 C. L. J. 52; Great Northern R. Co. v. Ennis, 236 Fed. 17; Emmerson v. Burnett, 11 Colo. App. 86; Rico Reduction & Min. Co. v. Musgrave, 14 Col. 79; Reichers v. Dammeier, 45 Ind. App. 208; Smith v. Scully, 66 Kan. 139; Atchison, etc., R. Co. v. Osborn, 64 Kan. 187; Croze v. St. Marys Canal Min. L. Co., 153 Mich. 363; Dolph v. Lake Shore, etc., R. Co., 149 Mich. 278; Schindler v. Milwaukee, etc., R. Co., 87 Mich. 400; Labar v. Crane, 56 Mich. 585; Stewart v. Port Huron First Nat. Bank, 43 Mich. 257; Howard v. Patrick, 38 Mich. 795; Minneapolis Mill Co. v. Minneapolis, etc., R. Co., 51 Minn. 304; In re O'Connor, 101 Neb. 617; Jerich v. Union Pac. R. Co.,

97 Neb. 767; Pike v. Hauptman, 83 Neb. 172; Ord v. Nash, 50 Neb. 335; Omaha St. R. Co. v. Elkins, 39 Neb. 480; Omaha v. Jensen, 35 Neb. 68; Felton v. Midland Continental R. Co., 32 N. D. 223; Atchison etc. R. Co. v. Baker, 37 Okl. 48; Giberson v. Patterson Mills Co., 187 Pa. 513; Wright v. Cumpsty, 41 Pa. 102; Kolodrianski v. American Locomotive Works, 29 R. I. 127; Henderson v. Lydia Cotton Mills (S. C.), 96 S. E. 539; Driskill v. Rebbe, 22 S. D. 242, 255; Trinity, etc., R. Co. v. Geary, 194 S. W. 458; McGovern v. Hays, 75 Vt. 104. (b) And the court committed reversible error in excluding the official stenographer's notes of such former testimony, on the ground that it had not been preserved in a bill of exceptions. Miller v. Geeser, 193 Mo. App. 1; Vessels v. Kansas City L. & P. Co., 219 S. W. 88; Woerheide v. Kelley, 243 S. W. 158; Showen v. Met. Street Ry. Co., 164 Mo. App. 41; Estes v. Railway, 111 Mo. App. 1; Bradley v. Spicardville, 90 Mo. App. 416; Jaccard v. Anderson, 37 Mo. 95; Scoville v. Railroad, 94 Mo. 86; Davis v. Kline, 96 Mo. 401; Turner v. Railroad, 138 Mo. App. 143; Padley v. Catterlin, 64 Mo. App. 629; State v. Butler, 247 Mo. 695; Wigmore on Ev., sec. 1413; Toledo Traction Co. v. Cameron, 137 Fed. 48, 58. (2) It was reversible error for the trial judge to take sides against the defendant in the controversy between counsel as to what was the testimony of the witness Guihan, and to read to the jury his notes of the testimony of said witness. Rose v. Kansas City, 125 Mo. App. 231; Padgitt v. Moll, 159 Mo. 143; Straus v. K. C. St. J. & C. B. Ry. Co., 86 Mo. 421. (3) The court erred in striking out all evidence regarding the odor of liquor on plaintiff's breath, and of her having been drinking at the time of the accident. Payton v. State, 60 Tex. Cr. 475; McFarland v. Bellows, 49 Mo. 311.

*Charles W. Rutledge* for respondent.

(1) "The rule that has the support of the great weight of authority is this: Where the party against

whom is offered evidence of the testimony given by a witness at a former trial had the opportunity of confrontation and cross-examination, the evidence is competent, first, in instances where the witness is dead; second, where he is insane or mentally incapacitated; third, where he is beyond the seas; and, fourth, where he has been kept away by the connivance of the opposite party." Showen, Admr., v. Street Ry. Co., 164 Mo. App. 41; Robertson v. State, 142 S. W. 533; Byrd v. Hartman, 70 Mo. App. 57; Augusta Wine Co. v. Weippert, 14 Mo. App. 483; Leeser v. Bockhoff, 38 Mo. App. 445; Coughlin v. Haeussler, 50 Mo. 126; Davis v. Kline, 96 Mo. 401; State v. Riddle, 179 Mo. 287; Kirchner v. Laughlin, 5 N. M. 365; Pfeiffer v. Ry. Co., 163 Wis. 317; Wilbur v. Selden, 6 Cow. (N. Y.) 162; Hobson v. Doe, 2 Blackf. (Ind.) 308; 15 Am. & Eng. Ency. L. (2 Ed.), p. 316; Berry v. Mitchell, 34 N. J. L. 337; Weeks v. Lowerrer, 8 Barb. 532; Slusser v. Taylor & Co., 47 Iowa, 300; Devine v. Chicago, 182 Ill. App. 366; Jones on Evidence (2 Ed.), sec. 336. "Beyond the seas" means "without the United States." Marvin, Admr., v. Bates, 13 Mo. 217, 220; Fackler v. Fackler, Admr., 14 Mo. 431, 433; Keeton's Heirs v. Keeton, Admr., 20 Mo. 530. (2) In such cases only, and absent a bill of exceptions or deposition, the notes of the stenographer, properly vouched for, is the best evidence of such witnesses testimony. Showen, Admr., v. Street Ry. Co., 164 Mo. App. 41. (3) Even testimony in a bill of exceptions, not signed by the witness, is to be placed in the category of hearsay evidence, and (prior to the statute, sec. 5401, R. S. 1919) was not admissible excepting in the exceptions permitting hearsay as the best evidence obtainable. Leeser v. Bockhoff, 38 Mo. App. 445; Coughlin v. Haeussler, 50 Mo. 126; Davis v. Kline, 96 Mo. 401. (4) Where a transcript of a witness' former testimony is to be used, it is the practice, and fairness and justice requires, that reasonable notice of same be given the opposite party, to give him an opportunity to protect himself from possible dangers of errors in the transcript, as well as to afford him a reasonable opportunity to make

a search for the witness, should he be so advised. Harris v. Ry. Co., 124 Mo. App. 45; Samuel v. Withers, 16 Mo. 532; Gaty v. United Rys. Co., 251 S. W. 61; Adams v. Raigner, 69 Mo. 363; Parsons v. Parsons, 45 Mo. 265; R. S. 1919, secs. 5401, 1459, 1460, 1461, 1463, 5448, 5452, 5453, 5461; Commonwealth v. Telegraph Co., 164 Ky. 570; Thompson v. Ry. Co., 183 S. W. 631. (5) Mere absence from the jurisdiction at the time of the trial is not equivalent to the death of an absent former witness, so as to permit of secondary evidence of his former testimony. Devine v. Chicago, 182 Ill. App. 366. (6) The excluded evidence of the witnesses Ware and Lancaster was identical on all material points to that of three other witnesses, and was therefore cumulative. Cumulative evidence is additional evidence of the same kind to the same point. St. J. Bed. Co. v. Railroad, 148 Mo. 478; State v. Riddle, 179 Mo. 287; R. S. 1919, sec. 1389 (third); Byrd v. Hartman, 70 Mo. App. 57, 8 Am. & Eng. Ency. Law (2 Ed.), p. 462; see also notes, p. 463; Mitchell v. Stillings, 20 Kan. 276; People v. Kloss, 115 Cal. 567; O'Shields v. State, 55 Ga. 696; Gardner v. Gardner, 2 Gray (Mass.) 434; Orand v. Walker, 41 Ga. 657; Wright v. Carillo, 22 Cal. 596; Wimpy v. Gaskill, 79 Ga. 620; 23 C. J., p. 10, sec. 1739. (7) Cumulative evidence but multiplies witnesses to any one or more of the facts being investigated, or only adds other circumstances of the same general character. Waller v. Graves, 20 Conn. 305; Gans v. Harmison, 44 Wis. 323; Reed v. Clark, 47 Cal. 194. (8) No discretion is reposed in the court in determining whether or not evidence is cumulative; it is purely a question of law. 8 Am. & Eng. Ency. L. (2 Ed.), p. 467; Manson v. Ware, 63 Iowa, 345. (9) Number of witnesses on single point rests in discretion of court, which must be as exercised so as not to deprive the parties of material rights, and an abuse of it in this respect will be reversible error. (10) It is universally agreed that the party seeking to use the former testimony must show that it is impossible to procure the attendance and testimony of the witness, or his deposition. 22 Cyc., p. 431, sec. 517; Augusta Wine Co.

v. Weippert, 14 Mo. App. 483; O'Brien v. Transit Co., 212 Mo. 59; Devine v. Chicago, 182 Ill. App. 366; Redhouse v. Graham, 20 Hawaii 717; Dye v. Commonwealth, 3 Bush (Ky.) 3; Ballman v. Heron, 169 Pa. St. 510. (11) Even evidence preserved in an authenticated bill of exceptions is not admissible without proof that the witness cannot be obtained, or his deposition taken. O'Brien v. Transit Co., 212 Mo. 59; Gaty v. United Rys. Co., 251 S. W. 61. (12) Reasons must be presented to show impossibility to procure attendance, or why the deposition of the absent former witness could not have been taken. Levi v. State, 182 Ind. 188; Devine v. Chicago, 182 Ill. App. 366. (13) The court did not err in statements made in connection with controversy between counsel as to testimony of witness Guihan that appellant's automobile struck the plaintiff. The record conclusively shows Guihan did so testify several times. Counsel then for defendant misrepresented to the jury that this witness did not so testify, and challenged the court to decide the controversy. The court did not sustain or overrule the objection, and repeatedly told the jury his own statements were "not the record, or to be taken as evidence." Counsel's only exception to the court's statements was, "I except to that, because I feel positive he never once said it." Rose v. Kansas City, 125 Mo. App. 231; Hertzman v. Drazen, 253 S. W. 431; Brinkman v. Gottenstroeter, 153 Mo. App. 351. It is the duty of the judge to interfere and correct untrue statements of the evidence by counsel. Rose v. Kansas City, 125 Mo. App. 231; Manning v. McClure, 168 Mo. App. 533; Whitton v. Adams Express Co., 182 S. W. 137; Cameron v. Cameron, 162 Mo. App. 110; Whelan v. Zinc & Chemical Co., 188 Mo. App. 592; Barr v. Quincy, etc., Co., 138 Mo. App. 471; Barnes v. St. Joseph, 139 Mo. App. 545; Torreyson v. United Rys. Co., 144 Mo. App. 626; Schlavick v. Shoe Co., 157 Mo. App. 83; O'Donnel v. McElroy, 157 Mo. App. 547. (14) There was no substantial evidence to show intoxication of plaintiff at the time and place of her injury. Such evidence is admissible

solely to show lack of capacity to clearly comprehend and remember the facts to which the witness testifies, and must show intoxication to such an extent as to tend to establish such incapacity. In such cases it affects the credibility of the witness. 40 Cyc. 2547, 2575; Jones on Evidence, (2 Ed.), sec. 724; El Paso, etc., Ry v. Lumbley, 120 S. W. 1051; Knenster v. Woodhouse, 101 Wis. 216; State v. King, 88 Minn. 175; State v. Costelle, 62 Iowa, 404; Bliss v. Beck, 80 Neb. 290. (15) Intoxication must be proven by direct evidence, or by acts or conduct of the witness. Tuttle v. Russell, 2 Day (Conn.) 201. (16) The proper way to reach improper evidence on a collateral issue is by motion to strike out. 38 Cyc. 1401-1408; Richey v. Woodmen of the World, 163 Mo. App. 235; Schaub v. Ry. Co., 133 Mo. App. 444; 4 Cyc. 2572 (8).

BENNICK, C.—This is an action for damages for personal injuries alleged to have been sustained by plaintiff as the result of being struck by defendant's automobile. The verdict and judgment were for plaintiff in the sum of $3415.55, from which defendant has appealed.

The negligence pleaded and submitted to the jury was first, failure of defendant to keep a vigilant watch; and second, operation of his automobile at a negligent rate of speed in violation of an ordinance of the city of St. Louis.

The answer was a general denial.

This accident occurred at the intersection of Prairie, Cass and Easton avenues, in the city of St. Louis, on January 20, 1921, between 8:30 and 9 o'clock p. m. Easton avenue runs northwestwardly and Cass avenue westwardly, while Prairie runs north and south. Easton and Cass avenues intersect, forming a wedge, the point of which is about 150 feet east of Prairie.

Plaintiff's evidence tended to show that she and Mrs. Edith Fontana were waiting to board a westbound Wellston car. They were standing at the usual stopping place for westbound cars, such point being in the middle of Easton avenue and opposite a yellow post which was

on the south side of the street and twenty-five feet east of Prairie avenue. Having observed a westbound car approaching, Mrs. Fontana stepped to one side and motioned for it to stop, at which time plaintiff was struck and did not regain consciousness until after she was removed to the hospital. Plaintiff herself had been looking continually toward the east and did not know what struck her, but her witnesses disclosed that an eastbound automobile (which later proved to be that of defendant) coming from the west on Easton on the eastbound car track and running at a speed of thirty-five or forty miles an hour turned to the left towards Cass avenue as it crossed Prairie and struck the plaintiff. This machine was stopped at a point twenty-five feet north of the westbound car track and twenty-five to forty feet west of the point of the wedge made by the intersection of Cass and Easton avenues. Shortly thereafter the westbound street car came up to the corner and was also stopped. A crowd of people gathered around the automobile, and six or eight men lifted the rear end so that plaintiff, who was lying under the rear axle, might be extricated. There was considerable difficulty in getting her out because her hair was twisted around the gearings.

Plaintiff and her companion were standing in such position that the light from a soft drink parlor on the northwest corner of Easton and Prairie avenues shone upon them. Because of the curve in the track the headlight of the approaching Wellston car did not strike them. The lights of defendant's automobile were burning.

Defendant's evidence to the contrary disclosed that he was coming from the west on Easton avenue enroute to a political meeting which was to be held that night on North Market street, and that his intention was to go eastward on Cass avenue to Grand and thence to his destination. There were two ladies in the car with him, a Mrs. Caulfield, who was seated in the front seat, and a Mrs. Ware, who was in the rear seat. When defendant arrived near Prairie he stopped his automobile approx-

imately five feet behind an eastbound street car which was standing west of Prairie in front of the car sheds. This car had stopped to allow some passengers to alight, and meanwhile one of the crew had gone into the car barns for supplies. There were several automobiles in the rear of defendant's auto, two of which passed to the north of the street car while it was standing still and proceeded on down Easton avenue or into Cass avenue at not less than forty miles an hour. Another automobile came from the south on Prairie, turned the corner into Easton, and then crossed over the car tracks into Cass avenue at about twenty-five miles an hour.

While he was stopped behind the eastbound car at the car sheds, defendant found that it was too late to attend the political meeting and accordingly decided to cross Prairie and turn his auto around in the open space made by the intersection of Cass and Easton. As soon, therefore, as the street car started eastward, defendant followed behind it and, as it crossed Prairie, turned his car to the left into Cass avenue. He stopped his automobile at a point approximately twenty-five feet west of the point of the wedge and about even with the curb of the south side of Cass avenue, waiting for the other automobiles to pass so that he would have a clear space in which to turn.

While defendant's automobile was standing in front of the car barns as well as while he was crossing Prairie, he and the ladies with him saw a woman standing in Easton avenue about thirty or forty feet east of Prairie. They observed that she was continually moving around, stepping into the center of the street car track and out again as though she were in an excited condition. Defendant was able to see her from the light that came from the soft drink parlor on the northwest corner of Easton and Prairie. As he turned into Cass avenue, he passed to her left at a speed of five or six miles per hour. This woman was still standing in the street when defendant's automobile was brought to a stop.

Shortly after defendant brought his automobile to a standstill, a street car coming from the east came to a stop with a very sudden jolt, a crashing of brakes and a grinding noise. The front end of the street car was about even with the rear of defendant's auto and thirty feet away. Upon hearing the street car come to a sudden, grinding stop, defendant recalled the woman he had seen in the track, and feared that the street car had struck her. Accordingly, he and the ladies with him got out of the auto and defendant went over to the front of the street car where a crowd of people had gathered, and where there was some one with a flashlight looking around the front of the street car. While here he heard Mrs. Caulfield call out, "Oh, here is somebody." Defendant and the others then went back towards his automobile, where he found Mrs. Caulfield attempting to assist a woman to arise. This woman was sitting in the street at a point about five or six feet west and two or three feet south of plaintiff's automobile. Defendant and his witnesses emphatically denied that he struck the plaintiff; that she was ever underneath his automobile or in contact with it; that his automobile was lifted off of her body, or that her hair was wrapped around the rear axle.

The sufficiency of the evidence to make a case for the jury is not questioned, but defendant relies chiefly for reversal upon the alleged error in the action of the trial court in excluding the official stenographer's notes, verified by his sworn testimony, of the evidence given at a former trial of this same case by two witnesses for defendant, Mrs. Ella Ware and Mrs. Aimee Lancaster.

It will be recalled that Mrs. Ware was one of the occupants of defendant's automobile at the time the alleged accident occurred. Mrs. Lancaster, a trained nurse by profession, had been a passenger on the eastbound street car, but had alighted from it while it was standing in front of the car barns west of Prairie.

The evidence showed that subpoenas for both Mrs. Ware and Mrs. Lancaster had been issued; that two weeks before the trial defendant personally had gone to Mrs.

Ware's home on Newberry Terrace to serve her with the subpoena, but at that time was informed that she was in Chicago, Illinois, and would not return to St. Louis prior to the trial of the case; that three or four weeks before the trial defendant personally had gone to Mrs. Lancaster's home on Delmar avenue to serve a subpoena upon her, and had learned that she was in Louisville, Kentucky, and that it was not known when she would return to St. Louis; that the subpoena for Mrs. Ware was placed in the hands of the sheriff and a return made thereon that she could not be found in the city of St. Louis.

Mr. H. A. Buck, official court reporter in Division No. 2 of the circuit court of the city of St. Louis, in which division the former trial of this case was had, was called as a witness for defendant and asked to read the testimony of these two witnesses as preserved in his stenographic notes taken during the first trial. Such testimony was objected to by counsel for plaintiff for the reasons that there was insufficient evidence to establish the fact that such witnesses were not within the jurisdiction of the court, that there was no showing of due diligence in attempting to secure the attendance of such witnesses by compulsory process, and that such evidence had not been preserved in a bill of exceptions. Plaintiff's objection to the introduction of this evidence was sustained by the court on the ground that it was not proper to admit the testimony of a witness given at a former trial not preserved in a deposition and not preserved in a bill of exceptions, the witness still being alive. Offer of proof was duly made by defendant, and the question for our determination here is the correctness of the trial court's ruling in excluding such testimony.

Generally speaking, this character of evidence is admissible in cases, first, where the witness is dead; second, where he is out of the jurisdiction of the court or as termed in certain cases "beyond seas;" third, is insane, sick or unable to testify; fourth, where he has been kept away by the connivance, collusion or consent of the other

party; and fifth, where he cannot be found after due diligence has been exercised to secure his attendance by compulsory process. [State v. Riddle, 179 Mo. 287, 78 S. W. 606; Scoville v. Hannibal & St. Joseph R. Co., 94 Mo. 84, 6 S. W. 654; Showen, Admr. v. Met. St. Ry., 164 Mo. App. 41, 148 S. W. 135.]

There is no dispute but that both of these witnesses were alive; that subpoenas for them had been regularly issued and attempts made to serve them, and that at such time both of the witnesses were outside of the State of Missouri. It is defendant's contention, therefore, that, inasmuch as these witnesses were out of the State, the transcript of their evidence, given at a former trial, was properly admissible. Plaintiff, on the other hand, argues that the mere fact that these witnesses may have been out of the jurisdiction of the court did not entitle defendant to introduce transcripts of their evidence given at a former trial, and that, before such evidence could have been competent, it would have been necessary for defendant to have proved that these witnesses were "beyond seas," that is, outside of the United States.

The case chiefly relied upon by counsel for plaintiff in support of this contention (incidentally the only one of the eight Missouri cases cited by him using the expression "beyond seas"), is that of Showen, Admr. v. Met. St. Ry., supra. The Kansas City Court of Appeals in that opinion states the rule governing the admissibility of such evidence in much the same way as it appears herein, except for the fact that the phrase "beyond seas" is used without definition, and nowhere in the opinion is it expressly stated that such evidence is admissible when the absent witness is merely out of the jurisdiction of the court. The court contented itself with merely stating the rule, but on page 52 said:

"We find a most exhaustive discussion of this subject in Robertson v. State, 142 S. W. (Tex.) 533, and refer to that case and especially to the authorities reviewed in the opinion for a more comprehensive expression of our own views."

It is apparent, however, that the Showen case does not support plaintiff's argument for, in an examination of the Robertson case, we find that it contains the following language:

"And the law in this State is declared to be that when the testimony of a witness has been taken in the course of a judicial proceeding, . . . and the witness . . . moves beyond the jurisdiction of the courts of this State, . . . the testimony of such a witness can be introduced in evidence."

Proceeding upon the theory that the rule requires the absent witness actually to be "beyond seas" before a transcript of his evidence is admissible, for a definition of the expression, learned counsel for plaintiff relies chiefly upon the case of Marvin, Admr., v. Bates, 13 Mo. 217, wherein the supreme court in construing the first section of the Statute of Limitations of 1825, in which appeared the phrase "beyond seas," held the same to mean "without the United States," but the court in putting such construction upon the expression as used in that statute did so far the reason that the third section of the same statute used, as a counterpart to the phrase "beyond seas," the words "by coming into the United States," and the learned judge held that, inasmuch as the Legislature itself had so interpreted the expression, he saw no way in which the same interpretation could be avoided by the court. But nowhere in that opinion or in the cases of Fackler v. Fackler, Admr., 14 Mo. 431, and Keeton's Heirs v. Keeton's Admr., 20 Mo. 530, which follow it, does the court intimate that its definition of the term is to be regarded as more than an interpretation of the words "beyond seas" as used in that particular statute. To the contrary, there is an abundance of authority to the effect that the transcript of evidence given at a former trial is admissible, provided the witness is out of the jurisdiction of the court although within the United States. Cases expressive of this view are: State v. Riddle, supra; State v. Butler, 247 Mo. 685, 153 S.

W. 1042; Scoville v. Hannibal & St. Joseph R. Co., supra; State v. Rose, 92 Mo. 204, 4 S. W. 733; Augusta Wine Company v. Weippert, 14 Mo. App. 483; Scott v. American Ins. Co., 222 S. W. 1047. Accordingly we hold that the fact that these witnesses were within the United States, though so far as disclosed by the evidence out of the jurisdiction of the court, did not render the transcript of their evidence given at a former trial of the same case inadmissible.

However, in making his ruling on the admission cf this evidence, the trial judge himself was not concerned with this distinction, but was governed only by his interpretation of section 5401, Revised Statutes 1919, as construed in connection with section 5467, Revised Statutes 1919. Section 5401 follows:

"Whenever any competent evidence shall have been preserved in any bill of exceptions in a cause, the same may be thereafter used in the same manner and with like effect as if such testimony had been preserved in a deposition in said cause, but the party against whom such testimony of any witness may be used shall be permitted to prove any matters contradictory thereof as though such witness were present and testifying in person."

Section 5467, Revised Statutes 1919, provides, among other things, that depositions may be read and used as evidence in the cause in which they have been taken as if the witnesses were present and examined in open court when the witnesses have gone out of the State. The court held that these two statutes exhausted the subject as far as statutory regulation was concerned and were exclusive of any other method of procedure; that if the testimony, sought to be introduced, had been preserved in a bill of exceptions, it would have been admissible because the witnesses were out of the State, but that, inasmuch as there was nothing in either of those sections which permitted reading of testimony given at a former trial without the same had been preserved in a bill of

exceptions, this evidence, concededly not having been so preserved, was consequently inadmissible.

But we do not think that section 5401, Revised Statutes 1919, is exclusive of any other method of procedure as was held by the trial court. There can be no dispute but that by the general rules of evidence (unless changed by statute) testimony of a witness given at a former trial of the same case may be proved other than by a bill of exceptions. It may be proved by the court stenographer's notes (Woerheide v. Kelley, 243 S. W. 158; Vessels v. K. C. Light & Power Co., 219 S. W. 80; Showen, Admr. v. Met. St. Ry., 164 Mo. App. 41, 148 S. W. 135; Estes v. Mo. Pac. R. Co., 111 Mo. App. 1, 85 S. W. 909; Bradley v. City of Spickardsville, 90 Mo. App. 416; Turner v. Southwest Mo. R. Co., 138 Mo. App. 143, 120 S. W. 128); by the judge's notes (Miller v. Geeser, 193 Mo. App. 1, 180 S. W. 3); by notes taken by any person who will swear to their accuracy (State v. Barnes, 274 Mo. 625, 204 S. W. 267; Woerheide v. Kelley and Miller v. Geeser, supra); or by the testimony of any person who will swear from his memory that such testimony was given (Davis v. Kline, 96 Mo. 401, 9 S. W. 724; State v. Able, 65 Mo. 357; Breeden's Administrator v. Feurt, 70 Mo. 624; State v. Barnes, supra; Byrd v. Hartman, 70 Mo. App. 57; Showen, Admr., v. Met. St. Ry., and Miller v. Geeser, supra.)

The present statute, section 5401, Revised Statutes 1919, was enacted by the Legislature in 1891. Prior to its enactment, the only method provided by statute for proving the testimony of an absent witness was by deposition. Testimony preserved even in a bill of exceptions was admissible in evidence only upon proof that the report of it in the bill was correct in substance. [Jaccard v. Anderson, 37 Mo. 91; Davis v. Kline, and Scoville v. Hannibal & St. Joseph R. Co., supra.] Shortly before the passage of this Act, this court in the case of Lesser v. Beckhoff, 38 Mo. App. 445, said:

"There is quite a difference between the evidence of a party as preserved in a deposition and that contained in a bill of exceptions. The deposition is signed by the party and duly authenticated by an officer, and from it can be ascertained with certainty the extent and character of any declaration or admission; but this cannot be said of a bill of exceptions."

The Act of 1891, following closely on the heels of the Lesser case, did no more than provide that whenever any competent evidence was preserved in a bill of exceptions in a cause, the same might thereafter be used in the same manner and with like effect as if such testimony had been preserved in a deposition. Hence it is evident that the Legislature by the Act of 1891 did not attempt to provide the sole method of proving testimony given at a former trial, but had for their purpose the elimination of the distinction theretofore existing between the testimony of a witness preserved in a bill of exceptions and that preserved in the form of a deposition. [Padley v. Catterlin, 64 Mo. App. 629.] The following additional cases bear out this conclusion: O'Brien v. St. Louis Transit Co., 212 Mo. 59, 110 S. W. 705; Gaty v. United Rys. Co., 251 S. W. 61; Ratliff Bros. v. Quincy, O. & K. C. R. Co., 131 Mo. App. 118, 110 S. W. 606. In fact it has been expressly held that testimony taken down in shorthand by the official court reporter and admittedly correctly transcribed is admissible, even if not embodied in a bill of exceptions. [Vessels v. K. C. Light & Power Co., Woerheide v. Kelley and Miller v. Geeser, supra.]

There is yet another reason urged by counsel for plaintiff in support of his contention that this evidence was inadmissible, namely, that due diligence towards procuring the attendance of these witnesses at court by compulsory process was not shown. We concede the rule that due diligence must be exercised to find a witness before the transcript of his former testimony can be admitted. [State v. Riddle, State v. Butler, and Augusta Wine Company v. Weippert, supra; Franklin v. Gumer-

sell, 11 Mo. App. 306.] It is manifest that no definite rule can be laid down as to what would constitute a showing of due diligence in all cases. The authorities seem to hold that the issuance of subpoenas, the delivery of same to the sheriff or to any other person authorized by law to serve the same, search for the witnesses and return of the subpoenas "not found" (all of which the evidence discloses was done here) would satisfy the requirements. [State v. Riddle, supra; Bender v. Bender, 193 S. W. 294.] The Riddle case holds, and properly so, that the question of the sufficiency of the proof as to the showing of due diligence is confided generally to the discretion of the trial judge. Inasmuch as the defendant showed what steps he actually took towards procuring the attendance of these witnesses and the trial court excluded the transcript of their testimony, not for the reason that due diligence had not been shown, although that objection was made, but for the reason that the testimony had not been preserved in a bill of exceptions, we are constrained to hold that plaintiff's contention in this respect is not well taken.

Plaintiff makes the additional point that it was not reversible error to exclude this testimony, even though otherwise admissible, for the reason that the evidence sought to be introduced was merely cumulative, that is identical on all material points to that of defendant's other witnesses, and that a judgment will not be reversed because of the exclusion of evidence, though competent, which is merely cumulative. Plaintiff's statement of the rule, however, is too broad. The just application of the rule depends upon the peculiar circumstances of each case and the nature of the issue as to which the evidence is adduced. [Cabanne v. Walker, 31 Mo. 274; Grath v. Mound City Roofing Tile Co., 121 Mo. App. 245, 98 S. W. 812; Epstein v. Pennsylvania R. Co., 143 Mo. App. 135, 122 S. W. 366; Nelson v. Wallace, 57 Mo. App. 397.] In the instant case we think the testimony sought to be introduced was very material to the issues involved

and strongly corroborative of defendant's other evidence. A casual reading of the statement of facts in this case will indicate that it is unique, in that not only does defendant deny negligence in the case, but he denies that he even hit plaintiff. Only two witnesses beside defendant himself had testified for him as to the actual facts pertaining to the alleged accident, while plaintiff in her case had been corroborated by at least five witnesses upon the same question. The situation presented here, therefore, is very unlike that in the case of Jackman v. St. Louis & H. R. Co., 231 S. W. 978, cited by plaintiff, wherein the Supreme Court approved the action of the trial court in excluding the testimony of certain witnesses, alleged to have been merely cumulative, it appearing in that case that "more than a dozen witnesses testified in behalf of defendant to substantially the same facts set out as the testimony of said absent witnesses." Conceding that the excluded evidence of Mrs. Ware and Mrs. Lancaster was to a great extent identical on all material points to that of the three other witnesses referred to above and was therefore in a sense cumulative, the exigencies of the particular case made it extremely necessary, and, being admissible, as we have held, though not preserved in a bill of exceptions, its exclusion was an error materially affecting defendant's rights, necessitating a reversal of the judgment.

Other alleged errors urged by defendant and not decided herein may not arise upon a retrial of the case. Accordingly, for the error above noted, the Commissioner recommends that the judgment of the circuit court be reversed and the cause remanded.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded. *Daues, P. J., Becker* and *Nipper, JJ.,* concur.